ROBINSON & COLE LLP
Matthew P. Mazzola
Raymond J. Carta
666 Third Avenue, 20th Floor
New York, New York
Telephone: (212) 451-2913
Facsimile: (212) 451-2999
mmazzola@rc.com; rcarta@rc.com
*Attorneys for Defendant UnitedHealthcare Insurance Company*
*s/h/a United Healthcare Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------- x

ELITE NEUROPHYSIOLOGY, LLC,                         :
                                                    :
                              *Plaintiff,*          :     Case No.:
                                                    :
       -against-                                    :     **NOTICE OF REMOVAL**
                                                    :
UNITED HEALTHCARE INSURANCE                          :
COMPANY,                                             :
                                                    :
                              *Defendant.*          :

------------------------------------------------------------- x

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY:

       PLEASE TAKE NOTICE that the Defendant, UnitedHealthcare Insurance Company s/h/a

United Healthcare Insurance Company ("United" and/or "Defendant"), removes the above-entitled

action filed by Plaintiff, Elite Neurophysiology, LLC ("Plaintiff"), presently of record at Docket No.

MID-L-2022-26 in the Superior Court of New Jersey Law Division: Middlesex County, to this Court

pursuant to 28 U.S.C. §§ 1441 and 1446. In support of removal, Defendant states as follows:

       1.      On or about March 27, 2026, Plaintiff commenced an action against Defendant in the

Superior Court of New Jersey Law Division: Middlesex County. The suit is styled *Elite Neurophysiology,*

*LLC v. United Healthcare Insurance Company*, Docket No. MID-L-2022-26.

2.      Plaintiff served a copy of the Summons and Complaint on Defendant's registered agent, CT Corporation System, in the State of New Jersey via process server on April 1, 2026. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.[1]

3.      The Complaint ("Compl.") asserts six (6) New Jersey State law-based causes of action against Defendant for breach of an express "click wrap" contract, breach of the implied covenant of good faith and fair dealing, declaratory judgment, account stated, *quantum meruit*, and unjust enrichment. All of these causes of action are based on Defendant's purported failure to pay the written final determinations of a Certified Independent Dispute Resolution Entity ("CIDRE") as required by the Federal No Surprises Act, 42 U.S.C. § 300gg-111 ("NSA"). (*See* Exhibit A). Specifically, Plaintiff seeks damages in the amount of $287,463.55 (*i.e.*, the total from the eleven CIDRE Awards at issue less the payments).

4.      Defendant removes this lawsuit to federal court based on federal question jurisdiction pursuant to 28 U.S.C. § 1441(a) and diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(b).

5.      By filing this Notice of Removal, Defendant does not waive its right to object to venue, jurisdiction or service of process, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

## THIS ACTION IS REMOVABLE ON THE BASIS OF FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1441(a)

6.      This case is removable to federal court because each of the claims Plaintiff asserts seek the same relief: enforcement of the IDR processes created by the NSA. Accordingly, the Complaint poses a federal question that is necessarily raised, actually disputed, substantial, and capable of

---

[1] All other documents included on the State Court's docket are attached hereto as **Exhibit B**.

resolution in federal court without disrupting the federal-state balance approved by Congress. Jurisdiction over this matter exists under 28 U.S.C. § 1331.

7. Federal jurisdiction exists when a federal question is presented on the face of the complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Even if a complaint only asserts state-law claims, removal jurisdiction is appropriate if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). Federal jurisdiction over a state law claim will exist if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

8. A complaint need not invoke a federal law in order to 'arise under' it for removal purposes. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002). Either a federal law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citing *Franchise Tax Bd.*, *supra,* 463 U.S. at 27-28). If a court concludes that a plaintiff has "artfully pleaded" claims, it may uphold removal even though no federal question appears on the face of the complaint if the court can "peer through what are ostensibly wholly state claims to discern the federal question lurking in the verbiage." *See U.S. Express*, *supra,* 281 F.3d at 389.

9. The foregoing requirements for showing a substantial question of federal law giving rise to federal jurisdiction under Section 1331 are met in this case.

10. First, each of Plaintiff's claims necessarily state and raise a federal issue. Specifically, each of Plaintiff's claims are premised on a total of eleven Independent Dispute Resolution ("IDR") awards which were obtained under the NSA, 42 U.S.C. § 300gg-111(c)—the federal regulatory framework for out-of-network providers, like Plaintiff, and health insurers, like United, to resolve

certain out-of-network payment disputes. (Compl., ¶¶ 5–9, 23–28, 32–37, 41–46, 50–55, 59–64, 70–73, 77–82, 86–91, 95–100, 104–109, 113–120; *see id.*, ¶ 13 ("Patient's treatment is subject to the reimbursement protocols of the NSA, 42 U.S.C. § 300gg-111 *et seq.*")).

11.     Plaintiff asserts that the NSA establishes a federal IDR process to determine the out-of-network rate for emergency services and non-emergency items and services furnished by non-participating providers. (Compl., ¶¶ 5-9). This process is "implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury." (*Id.*, ¶ 6).

12.     When Plaintiff disagreed with the initial reimbursements purportedly allocated by United, it "initiated the NSA's IDR process by submitting a 'Notice of IDR Initiation' to the Department of Health and Human Services' to have the proper reimbursement amount determined by a neutral IDR entity. 42 U.S.C. § 300gg-111(c)(1–5)." (Compl., ¶ 15).

13.     Plaintiff claims that to "participate in the IDR process through the submission of a Notice of Offer, Defendant was required to access the federal IDR portal and accept the same binding click-wrap terms and conditions agreed to by Plaintiff, as required by the NSA. Specifically, Defendant affirmatively manifested its assent to the terms and conditions of the IDR process by clicking an "I Agree," "Accept," or similarly worded button or checkbox at the bottom of the Notice of Offer." (Compl., ¶ 18).

14.     Plaintiff asserts that the NSA "creates for medical providers a direct **right to payment** from insurers and health plans", (*see* Compl., ¶ 5 (citing 42 U.S.C. § 300gg-111(c)(6)) (emphasis added)), and that the District of New Jersey, in *Modern Orthopaedics of NJ v. Premera Blue Cross*, No. 25-cv-1807 (BRM)(JSA), 2025 WL 3063648 (D.N.J. Nov. 3, 2025), "indicated that the proper recourse against a health plan that fails to pay an NSA IDR award is through state law causes of action." (Compl., ¶¶ 119, 172).

15.      However, the NSA expressly bars judicial review of IDR awards except in limited situations which are inapplicable here. *See* 42 U.S.C. § 300gg-111(c)(5)(E)(i)(ii); *Freeman Pain Inst. P.A. v. Horizon Blue Cross Blue Shield of N.J.*, No. 25-cv-2507 (SRC), 2025 WL 3268289, *6 (D.N.J. Nov. 24, 2025).

16.      Indeed, the "NSA establishes a clear administrative enforcement scheme, specifying the *exclusive* process for resolving out-of-network payment disputes and limiting judicial review to the narrow vacatur provisions set forth in [Federal Arbitration Act] § 10(a), none of which apply here." *Freeman Pain, supra,* 2025 WL 3268289, at *7 (emphasis in original).

17.      Nonetheless, Plaintiff asserts not only that it has a "right" to reimbursement under the NSA's IDR process, but it is able to enforce this purportedly federal right through state law causes of action. Specifically, Plaintiff's First Cause of Action for breach of contract requires this Court to determine whether the Defendant's participation in a federally-mandated IDR process creates a contractual relationship between the parties, and its Second Cause of Action for breach of the covenant of good faith and fair dealing is entirely premised on this purported contractual relationship under the NSA. (Compl., ¶¶ 121–35). Similarly, Plaintiff's Third Cause of Action seeks a declaratory judgment that Defendant is *"obligated to pay the amount as determined by the CIDREs."* (Compl., ¶ 146, emphasis added). It is undisputed that the IDR process that Plaintiff invokes is governed by the NSA, 42 U.S.C. § 300gg-111 *et seq.*; Compl., ¶¶ 5–9, 23–28, 32–37, 41–46, 50–55, 59–64, 70–73, 77–82, 86–91, 95–100, 104–109, 113–120. Plaintiff's request that the Court determine the Defendant's alleged obligations under a federally-mandated IDR framework therefore plainly presents a federal question. Plaintiff's Fourth Cause of Action for Account Stated, likewise, asks the Court to conclude that, because Defendant did not move to vacate the CIDREs' awards as permitted under the NSA, it has implicitly assented to the full payment of that award. (Compl., ¶¶ 149–56). This claim, too, requires the Court to interpret the NSA and adjudicate rights arising exclusively under federal law. Plaintiff's

Fifth and Sixth Causes of Action, seeking to recover the value of the IDR awards via equitable causes of action, are similarly predicated entirely on duties the Plaintiff asserts derive from the NSA. (Compl., ¶¶ 157–77). Thus, resolution of each of Plaintiff's claims necessarily requires the Court to analyze and apply the provisions of the NSA. In short, the entirety of this action turns on questions of federal law.

18.    Second, the foregoing federal issues are substantial and disputed. Plaintiff does not possess a private right of action under the NSA. *See Guardian Flight LLC v. Health Care Serv. Corp.*, 140 F.4th 271 (5th Cir. 2025). Moreover, United disputes that Plaintiff has a right to enforce or confirm an IDR award under the NSA. *See Modern Orthopaedics of NJ*, *supra*; *Freeman Pain*, *supra*, 2025 WL 3268289; *see also* Med-*Trans Corp. v. Capital Health Plans, Inc.*, No. 22-cv-1077 TJC-JBT, 2023 WL7188935 (M.D. Fla. Nov. 1, 2023); *Guardian Flight, LLC, et al. v. Aetna Health Inc.*, No. 22-cv-03805-AHB, 2024 WL 484561 (S.D. Tex. Jan. 6, 2024). Plaintiff cannot circumvent its lack of a private right of action and the NSA's exclusive administrative enforcement scheme by dressing up its IDR award enforcement lawsuit in state law causes of action. *See e.g.*, *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *Ortiz v. Ciox Health LLC*, 21 F.4th 50, 52 (2d Cir. 2021); *see also Astra U.S.A., Inc. v. Santa Clara Cnty., Cal.*, 563 U.S. 110, 118 (2011).

19.    Third, the Court can exercise jurisdiction here without disturbing any congressionally approved balance of federal and state judicial responsibilities. Here, as detailed above, the complex regulatory and IDR process under the NSA is at the forefront of this dispute. Such a regulatory scheme requires a degree of national uniformity that only a federal court can provide. Indeed, several U.S. District Courts around the country have held that out-of-network providers, like Plaintiff, do not have a right of action to enforce IDR awards outside of the NSA's existing administrative remedies.[2] In the

---

[2] *See, e.g.*, *T.V. Seshan M.D., P.C. v. Blue Cross Blue Shield Association*, No. 25-cv-1522 (CS), 2025 WL 3496382 (S.D.N.Y. Dec. 5, 2025); *East Coast Advanced Plastic Surgery, LLC v. Cigna Health and Life Insurance Company*, 2025 WL 2371537, at *17 (S.D.N.Y., Aug 14, 2025); *Modern Orthopaedics of NJ*, 2025 WL 3063648, at *5-7; *Specialtycare Inc., et al. v. Aetna, Inc.*, No. 25-cv-224, 2025 WL 3719227 (M.D. Pa. Dec. 23, 2025); *Worldwide Aircraft Servs. Inc. v. Freedom Life Ins. Co. of Am.*, No. 25-cv-01158 (WFJ)(AEP),

wake of those decisions, Plaintiff and other out-of-network providers have run to state courts seeking to sidestep the federal courts' decisions and obtain inconsistent rulings to countenance their IDR enforcement lawsuits.

20.     For the foregoing reasons, the Complaint raises a substantial question of federal law that gives rise to jurisdiction under 28 U.S.C. § 1331.

21.     If there is a single federal question present in the complaint, then a district court "ha[s] supplemental jurisdiction over all other [related] claims." 28 U.S.C. § 1367. Specifically, under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

22.     Thus, this Court has supplemental jurisdiction over any otherwise non-removable at issue claims and/or causes of action and may determine all issues therein. Likewise, the Court can and should exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any such claims. Accordingly, this Court has jurisdiction over this entire action, and removal of the entire action is proper, even when removable claims are joined with non-removable ones.

---

2025 WL 3551397 (M.D. Fla. Dec. 11, 2025); *Mitchell F. Reiter MD PC v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-12526 (WJM), 2025 WL 3514300, at *5 (D.N.J. Dec. 8, 2025); *Interventional Pain Management v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-12032 (SRC), 2025 WL 3470569, at *9 (D.N.J. Dec. 3, 2025); *Gregory v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-02022 (SRC), 2025 WL 3459708, at *8 (D.N.J. Dec. 2, 2025); *Douglas Spiel, MD, PA, v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-14769 (SRC), 2025 WL 3459719, at *8 (D.N.J. Dec. 2, 2025); *Complete Medical Wellness LLC v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-04177 (SRC), 2025 WL 3443620, at *8 (D.N.J. Dec. 1, 2025); *Garden State Pain Management v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-05679 (SRC), 2025 WL 3443243, at *8 (D.N.J. Dec. 1, 2025); *Worldwide Aircraft Services, Inc. v. United Healthcare*, No. 24-2527 (TPB)(LSG), 2025 WL 3312169, at *2 (M.D. Fla. Nov. 28, 2025); *Northeast Neurosurgical Associates v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-cv-06288 (SRC), 2025 WL 3282210, at *6 (D.N.J. Nov. 25, 2025); *Freeman Pain Institute P.A. v. Horizon Blue Cross Blue Shield of N.J.*, No. 25-02507 (SRC), 2025 WL 3268289, *7 (D.N.J. Nov. 24, 2025).

**THIS ACTION IS REMOVABLE ON THE BASIS OF DIVERSITY OF CITIZENSHIP
JURISDICTION UNDER 28 U.S.C. § 1441(b)**

23.     28 U.S.C. § 1332(a)(1) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." The party seeking removal bears the burden of establishing diversity jurisdiction. *See, e.g.*, *Rialto-Capitol Condo. Ass'n, Inc. v. Burlington Ins. Co.*, No. CV 19-12811 (KM), 2020 WL 9789866, at *2 (D.N.J. Jan. 28, 2020), *report and recommendation adopted*, No. CV 19-12811 (KM/JBC), 2020 WL 9789924 (D.N.J. Feb. 21, 2020) (citing *Johnson v. SmithKline Beecham Corp.*, 724 F. 3d 337, 346 (3d Cir. 2013)).

A.      *This Action is Between Citizens of Different States.*

24.     For diversity of citizenship purposes, the citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, a limited liability company is a citizen of each of the states in which it has members. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *see also Premier Orthopaedic Assocs. of S. NJ, LLC v. Aetna, Inc.*, No. 120CV11641NLHAMD, 2020 WL 13580915, at *1 (D.N.J. Sept. 10, 2020). The Plaintiff in this action, Elite Neurophysiology, LLC, is a limited liability company and thus, its citizenship depends on the citizenship of its members. *See Zambelli Fireworks Mfg. Co., Inc*, *supra,* 592 F.3d at 418; *see also Premier Orthopaedic Assocs. of S. NJ, LLC*, *supra,* 2020 WL 13580915 at *1.

1.  *Plaintiff is a Citizen of New Jersey.*

25.     According to public records, Elite Neurophysiology, LLC has two members: Farrukh Chaudhry and Wasif Sheikh. (*See* true and correct copy of highlighted excerpts of WestLaw Company Investigator Report for Elite Neurophysiology, LLC, attached as **Exhibit C**). They are natural persons who appear to be citizens of the State of New Jersey.

26.     Under 28 U.S.C. § 1332(a), to be a "citizen of a State," "a natural person must both be a United States citizen *and* be domiciled within that State." *Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014). Domicile requires both physical presence in a state and the intent to remain there, *i.e.*, the person must have made that state their permanent home with the intention to remain. *Woltz v. Good*,

8

759 F.Supp.3d 572, 579 (E.D. Pa. 2024). In New Jersey, domicile has been defined as "the place where [a person] has his true, fixed, permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Wolff v. Baldwin*, 9 N.J.Tax 11 (1986).

27. Dr. Sheikh maintains his principal place of business in New Jersey and his primary residence in New Jersey; he therefore appears to be domiciled in, and a citizen of, the State of New Jersey. (*See* Compl., ¶ 1 (stating that Plaintiff's principal place of business is at 371 Hoes Lane, Suite 200, Piscataway, New Jersey 08854); ¶ 29 (stating that Dr. Sheikh is an employee of Plaintiff); *see also* **Exhibit D** (Middlesex County's record indicating Dr. Sheikh legally owns a residence in Middlesex County, NJ); **Exhibit E** (public records search service WestLaw PeopleMap's report indicating Dr. Sheikh lives at a private residence in Middlesex County, NJ)).

28. Dr. Chaudhry is a member of a limited liability company (Elite Neurophysiology, LLC) that maintains its principal place of business in New Jersey (*see* Compl., ¶1) and maintains his primary residence in New Jersey; he therefore appears to be domiciled in, and a citizen of, the State of New Jersey. (*See* Compl., ¶ 1; *see also* **Exhibit F** (Middlesex County's record indicating Dr. Chaudhry legally owns a residence in Middlesex County, NJ); **Exhibit G** (public records search service WestLaw PeopleMap's report indicating Dr. Chaudhry lives at a private residence in Middlesex County, NJ)).

29. Because Plaintiff Elite Neurophysiology LLC's members are both citizens of New Jersey, Elite Neurophysiology LLC is a citizen of New Jersey for determining diversity of citizenship federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Zambelli.*, *supra*, 592 F.3d at 418.

2. *Defendant is Not a Citizen of New Jersey.*

30. Defendant UnitedHealthcare Insurance Company is a Connecticut corporation with its primary place of business in Hartford, Connecticut. It is well-settled that for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

31. Pursuant to the business record details publicly available on the Connecticut Department of State website, UnitedHealthcare Insurance Company is a Connecticut Corporation with

9

its principal place of business in Hartford, CT. A true and correct copy of the Business Record Details on the Connecticut Secretary of State website is attached hereto as **Exhibit H**. As such, UnitedHealthcare Insurance Company is a citizen of Connecticut for determining diversity of citizenship federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp., supra.*

32.    Accordingly, because Defendant is not a citizen of the State of New Jersey, and Plaintiff is not a citizen of the State of Connecticut, there is complete diversity of citizenship sufficient for removal.

33.    If Plaintiff raises any challenge to the propriety of removal of the State Court Action based on diversity, Defendant will seek to take necessary discovery to resolve Plaintiff's contentions concerning diversity jurisdiction, in addition to presenting briefing and oral argument in support of removal.

B.    *The Matter in Controversy Exceeds $75,000, Exclusive of Interest and Costs.*

34.    Plaintiff alleges that it is seeking damages in an amount of $287,463.55, plus fees, costs, and interest. (Compl., ¶ 135). Based on the allegations of Plaintiff's Complaint, the amount in controversy exceeds the monetary threshold of $75,000, exclusive of interest and costs.

35.    This case is therefore properly removed to this Court on the basis of diversity of citizenship. 28 U.S.C. § 1332(a)(1).

36.    By filing this Notice of Removal, Defendant does not waive its right to object to service, service of process, the sufficiency of process, venue or jurisdiction, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

## VENUE

37.    The Superior Court of New Jersey Law Division: Middlesex County is located within the District of New Jersey. Accordingly, removal to this Court complies with the venue requirements of 28 U.S.C. § 1446(a).

10

## TIMELY NOTICE OF REMOVAL

38.    This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b)(1) because the earliest date on which Defendant was served with process is April 1, 2026.

## NOTICE OF FILING REMOVAL NOTICE

39.    The written notice required pursuant to 28 U.S.C. § 1446(d), will be timely filed in the Superior Court of New Jersey Law Division: Middlesex County and served upon Plaintiff. A true and correct copy of the Notice to the State Court of Filing of Notice of Removal is attached as **Exhibit I**.

## RESERVATION OF RIGHTS

40.    Defendant does not waive – and hereby expressly reserves – its right to assert any and all available legal defenses, including the right to assert such defenses in subsequent proceedings.

41.    Defendant does not admit any allegations in Plaintiff's Complaint.

42.    Defendant reserves the right to file additional support for this Notice of Removal by way of affidavits, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument.

## EXECUTION UNDER FED. R. CIV. P. 11

43.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant, in this action described herein currently pending in the Superior Court of New Jersey Law Division: Middlesex County, prays that this action be removed from there to this Honorable Court.

Dated: May 1, 2026

Respectfully submitted,

By:    /s/ Matthew P. Mazzola
Matthew P. Mazzola
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, New York
Telephone: (212) 451-2913
Facsimile: (212) 451-2999
mmazzola@rc.com

Raymond J. Carta
ROBINSON & COLE LLP
1055 Washington Boulevard
Stamford, CT 06901-2249
Telephone: (203) 462-7500
Facsimile: (203) 462-7599
rcarta@rc.com

*Attorneys for Defendant UnitedHealthcare Insurance Company
s/h/a United Healthcare Insurance Company*