# EXHIBIT B

# Civil Part Case Summary

**Case Number:** MID L-002022-26

**Case Caption:** Elite Neurophysiolog Y, Llc  Vs United Healthcare

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Middlesex | **Case Initiation Date:** 03/27/2026 |
| **Case Type:** Other Insurance Claim (Including Declaratory Judgment Actions) | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 1 | **Judge:** Glenn C Slavin | **Team:** 3 |
| **Original DED:** | **Current DED:** | **# of DED Extensions:** 0 |
| **Original Arb Date:** | **Current Arb Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

**Plaintiffs**

**Elite Neurophysiology, Llc**

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** Legband Lane W | | **Attorney Bar ID:** 365952023 |
| **Attorney Email:** | | |

**Defendants**

**United Healthcare Insurance Company**

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** 820  Bear Tavern Road | | |
| **Address Line 2:** | | |
| **City:** West Trenton | **State:** NJ | **Zip:** 08628 |
| **Attorney Name:** | | **Attorney Bar ID:** |
| **Attorney Email:** | | |

**ACMS Documents**

| Filed Date | Doc Number | Document Type | Filing Party | Doc Status | CO ID | Type | Date Served | Service Status | Party Served |
|---|---|---|---|---|---|---|---|---|---|
| 03/27/2026 | 001 | COMP JRY DEMAND | ELITE NEUROPHYSIOLOG | | | | | | |
| 04/06/2026 | 002 | PRF SERVC | ELITE NEUROPHYSIOLOG | | | | | | |

**Case Actions**

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 03/27/2026 | Complaint with Jury Demand for MID-L-002022-26 submitted by LEGBAND, LANE WILLIAM, GOTTLIEB AND GREENSPAN LLC on behalf of ELITE NEUROPHYSIOLOGY, LLC against UNITED HEALTHCARE INSURANCE COMPANY | LCV2026794125 | 03/27/2026 |
| 03/28/2026 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV2026799961 | 03/28/2026 |
| 04/06/2026 | AFFIDAVIT OF SERVICE submitted by LEGBAND, LANE, WILLIAM of GOTTLIEB AND GREENSPAN LLC on behalf of ELITE NEUROPHYSIOLOGY, LLC against UNITED HEALTHCARE INSURANCE COMPANY | LCV2026860608 | 04/06/2026 |

**Lane W. Legband, Esq. (Attorney ID No.: 365952023)**
**GOTTLIEB & GREENSPAN, LLC**
**17-17 Route 208, Suite 250**
**Fair Lawn, New Jersey 07410**
**Phone Number: (201) 620-2022**
**Fax Number: (201) 620-2022**
***Attorneys for Plaintiff***

| | |
|---|---|
| ELITE NEUROPHYSIOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:<br>MIDDLESEX COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiff Elite Neurophysiology, LLC ("Plaintiff"), by and through its attorneys Gottlieb & Greenspan, LLC, by way of Complaint against United Healthcare Insurance Company ("Defendant"), alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is a medical provider with a principal place of business at 371 Hoes Lane, Suite 200, Piscataway, New Jersey 08854.

2.     Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the State of New Jersey.

3.     Jurisdiction is proper in the New Jersey Superior Court, Law Division under R. 4:3-1(a)(5).

4.     Venue is proper in Middlesex County pursuant to R. 4:3-2(a)(3), because Plaintiff resides in Middlesex County as its office is located in Middlesex County and Plaintiff conducts business in Middlesex County.

## FACTUAL BACKGROUND

5.      The Federal No Surprises Act ("NSA") became effective January 1, 2022. The NSA creates for medical providers a direct right to payment from insurers and health plans of the amount an Independent Dispute Resolution ("IDR") entity determines is owed for qualifying medical services. *See* 42 U.S.C. § 300gg-111(c)(6). This amount must be paid within thirty (30) days of the IDR entity's determination. *Id*.

6.      The NSA is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury (the "Departments"), which together created a mandatory federal dispute process to determine pricing for medical services rendered by out-of-network ("OON") medical providers in emergency or certain elective circumstances.

7.      Under the NSA, an insurer has 30 days from the date the bill is transmitted by the OON medical provider to pay or deny the claim. 42 U.S.C. §300gg-112(a)(3)(A-B). Insurers unilaterally determine their initial payment amount, often paying what the law refers to as a Qualifying Payment Amount ("QPA"). If the OON medical provider does not accept the insurer's initial payment as payment in full, the OON medical provider may initiate an "open negotiation period" with the insurer to attempt to negotiate a higher amount. *Id*. § (b)(1)(A). If the negotiations fail by the close of the open negotiation period, the OON medical provider may initiate the NSA's IDR process. *Id*. § (b)(1)(B).

8.      However, the medical provider is precluded from billing the patient for any amount over and above the health plan's initial QPA payment ("balance billing"). In that way, the NSA ensures that the patient will be protected from liability from "surprise" out-of-network medical charges. *Id*.

9.      The NSA's IDR process requires both parties to submit position statements and proposed offers of payment for the services at issue to a third-party IDR entity. *Id*. § (b)(5)(B)(i)(I). The IDR entity then evaluates both proposed offers based on several statutory factors and selects one as the appropriate OON payment for the services provided. *Id*. § (b)(5)(C). After an IDR determination, the non-prevailing party is required to pay any amount owed within **30 days**. *Id*. § (c)(6).

10.     Plaintiff is a medical provider that specializes in neurophysiology.

11.     At the time the medical treatment was rendered, the patients were each a member of a health plan administered by Defendant.

12.     As an OON medical provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

13.     However, since the medical treatments were rendered in a participating network facility and/or emergently, each patient's treatment is subject to the reimbursement protocols of the NSA, 42 U.S.C. § 300gg-111 *et seq.*

14.     For each patient, Plaintiff disputed Defendant's initial payment determinations and initiated the open negotiation period called for by the NSA by sending an Open Negotiation letter to Defendant.

15.     Because the disputes were not resolved by the close of the open negotiation periods, Plaintiff initiated the NSA's IDR process for each patient by submitting a Notice of IDR Initiation to the Department of Health and Human Services to have the proper reimbursement amount determined by a neutral IDR entity. 42 U.S.C. § 300gg-111(c)(1-5).

16.     Plaintiff forwarded a copy of each Notice of IDR Initiation to Defendant as is required.

17. To initiate the IDR process, Plaintiff was required to access the federal IDR portal and affirmatively accept binding click-wrap terms and conditions governing participation in the IDR process.

18. To participate in the IDR process, Defendant was required to access the federal IDR portal and accept the same binding click-wrap terms and conditions agreed to by Plaintiff. Specifically, Defendant had to affirmatively manifest its assent to the terms and conditions of the IDR process by clicking an "I Agree," "Accept," or similarly worded button or checkbox, without which Defendant could not proceed with the IDR submission.

19. Those terms required Defendant to agree in part:

   a. that the final payment determination made by the certified IDR entity is binding upon the parties; and

   b. to pay the outstanding amount (if any) of the out-of-network rate that is Defendant's responsibility as determined by the certified IDR entity.

**Patient T.R.R. – DISP-1348395**

20. On August 10, 2023, Joseph Mandelbaum, CCC-A, CNIM ("Dr. Mandelbaum"), a neurophysiologist employed by Plaintiff, provided medical treatment to an individual identified as T.R.R. ("Patient T.R.R.") at The Valley Hospital, located in Ridgewood, New Jersey ("The Valley Hospital").

21. After treating Patient T.R.R., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following Current Procedural Terminology ("CPT") codes:

   a. $30,800.00 for twenty-eight (28) units of CPT code 95940;

   b. $9,176.00 for CPT code 95938-TC;

   c. $3,802.00 for two (2) units of CPT code 95885-TC; and

   d. $1,328.00 for CPT code 95910-TC.

22.     In response to Plaintiff's HCFA, Defendant denied payment.

23.     Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

   a.     $24,640.00 for twenty-eight (28) units of CPT code 95940;

   b.     $9,175.00 for CPT code 95938-TC;

   c.     $3,800.00 for two (2) units of CPT code 95885-TC; and

   d.     $1,128.80 for CPT code 95910-TC.

24.     Defendant submitted the following Notice of Offer:

   a.     $0.00 for twenty-eight (28) units of CPT code 95940;

   b.     $0.00 for CPT code 95938-TC;

   c.     $0.00 for two (2) units of CPT code 95885-TC;

   d.     $0.00 for CPT code 95910-TC; and

25.     On May 29, 2025, the certified IDR entity ("CIDRE") ruled in Plaintiff's favor under IDR reference number DISP-1348395, awarding Plaintiff as follows:

   a.     $24,640.00 for twenty-eight (28) units of CPT code 95940, amounting to an additional $24,640.00 over Defendant's initial lack of payment. *See* **Exhibit A**, attached hereto;

   b.     $9,175.00 for CPT code 95938-TC, amounting to an additional $9,175.00 over Defendant's initial lack of payment. *Id.*;

   c.     $3,800.00 for two (2) units of CPT code 95885-TC, amounting to an additional $3,800.00 over Defendant's initial lack of payment. *Id.*; and

   d.     $1,128.80 for CPT code 95910-TC, amounting to an additional $1,128.00 over Defendant's initial lack of payment. *Id.*

26.     Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was June 28, 2025.

27.     As of the date of this Complaint, a minimum of 247 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

28.     For DISP-1348395, Defendant has failed to pay $38,743.80, which is currently due and owing.

**Patient M.A.E – DISP-2286676**

29.     On July 19, 2024, Wasif Sheikh, M.D. ("Dr. Sheikh"), a neurophysiologist employed by Plaintiff, provided medical treatment to an individual identified as M.A.E. ("Patient M.A.E.") at Freedom Surgical Center, located in Bloomfield, New Jersey.

30.     After treating Patient M.A.E., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

    a.     $5,500.00 for five (5) units of CPT code 95940;

    b.     $9,175.00 for CPT code 95938-TC; and

    c.     $5,337.00 for CPT code 95861-TC.

31.     In response to Plaintiff's HCFA, Defendant denied payment.

32.     Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

    a.     $5,500.00 for five (5) units of CPT code 95940;

    b.     $9,175.00 for CPT code 95938-TC; and

    c.     $5,300.00 for CPT code 95861-TC.

33.     Defendant submitted the following Notice of Offer:

    a.     $0.00 for five (5) units of CPT code 95940;

    b.     $0.00 for CPT code 95938-TC; and

    c.     $0.00 for CPT code 95861-TC.

34.     On June 3, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-2286676, awarding Plaintiff as follows:

a.      $5,500.00 for five (5) units of CPT code 95940, amounting to an additional $5,500.00 over Defendant's initial lack of payment. *See* **Exhibit B**, attached hereto;

b.      $9,175.00 for CPT code 95938-TC, amounting to an additional $9,175.00 over Defendant's initial lack of payment. *Id.*; and

c.      $5,300.00 for CPT code 95861-TC, amounting to an additional $5,300.00 over Defendant's initial lack of payment. *Id*.

35.     Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was July 3, 2025.

36.     As of the date of this Complaint, a minimum of 252 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

37.     For DISP-2286676, Defendant has failed to pay $19,975.00, which is currently due and owing.

**Patient S.C. – DISP-2026942**

38.     On May 7, 2024, Dr. Sheikh provided medical treatment to an individual identified as S.C. ("Patient S.C.") at Monmouth Medical Center, located in Long Branch, New Jersey.

39.     After treating Patient S.C., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

a.      $23,100.00 for twenty-one (21) units of CPT code 95940;

b.      $9,175.00 for CPT code 95938-TC;

c.      $3,800.00 for two (2) units of CPT code 95885-TC; and

d.      $1,125.00 for CPT code 95907-TC.

40.     In response to Plaintiff's HCFA, Defendant denied payment.

41.     Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

   a.     $11,440.00 for twenty-one (21) units of CPT code 95940;

   b.     $6,881.25.00 for CPT code 95938-TC;

   c.     $2,850.00 for two (2) units of CPT code 95885-TC; and

   d.     $543.75.00 for CPT code 95907-TC.

42.     Defendant submitted the following Notice of Offer:

   a.     $0.00 for twenty-one (21) units of CPT code 95940;

   b.     $0.00 for CPT code 95938-TC;

   c.     $0.00 for two (2) units of CPT code 95885-TC; and

   d.     $0.00 for CPT code 95907-TC.

43.     On June 4, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-2026942, awarding Plaintiff as follows:

   a.     $11,440.00 for twenty-one (21) units of CPT code 95940, amounting to an additional $11,440.00 over Defendant's initial lack of payment. *See* **Exhibit C**, attached hereto;

   b.     $6,881.25 for CPT code 95938-TC, amounting to an additional $6,881.25 over Defendant's initial lack of payment. *Id.*;

   c.     $2,850.00 for two (2) units of CPT code 95885-TC, amounting to an additional $2,850.00 over Defendant's initial lack of payment. *Id.*; and

   d.     $543.75 for CPT code 95907-TC, amounting to an additional $543.75 over Defendant's initial lack of payment. *Id.*

44.     Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was July 5, 2025.

45.     As of the date of this Complaint, a minimum of 251 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

46.     For DISP-2026942, Defendant has failed to pay $21,715.00, which is currently due and owing.

**Patient A.D. – DISP-3267804**

47.     On January 6, 2025, Dr. Mandelbaum provided medical treatment to an individual identified as A.D. ("Patient A.D.") at The Valley Hospital.

48.     After treating Patient A.D., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

   a.     $15,400.00 for fourteen (14) units of CPT code 95940;

   b.     $9,175.00 for CPT code 95938-TC;

   c.     $3,800.00 for two (2) units of CPT code 95885-TC; and

   d.     $925.00 for CPT code 95908-TC.

49.     In response to Plaintiff's HCFA, Defendant denied payment.

50.     Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

   a.     $12,320.00 for fourteen (14) units of CPT code 95940;

   b.     $7,798.75 for CPT code 95938-TC;

   c.     $3,230.00 for two (2) units of CPT code 95885-TC; and

   d.     $788.80 for CPT code 95908-TC.

51.     Defendant submitted the following Notice of Offer:

   a.     $0.00 for fourteen (14) units of CPT code 95940;

   b.     $0.00 for CPT code 95938-TC;

   c.     $0.00 for two (2) units of CPT code 95885-TC; and

   d.     $0.00 for CPT code 95908-TC.

52. On September 5, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-3267804, awarding Plaintiff as follows:

   a. $12,320.00 for fourteen (14) units of CPT code 95940, amounting to an additional $12,320.00 over Defendant's initial lack of payment. *See* **Exhibit D**, attached hereto;

   b. $7,798.75 for CPT code 95938-TC, amounting to an additional $7,798.75 over Defendant's initial lack of payment. *Id*.;

   c. $3,230.00 for two (2) units of CPT code 95885-TC, amounting to an additional $3,230.00 over Defendant's initial lack of payment. *Id*.; and

   d. $788.80 for CPT code 95907-TC, amounting to an additional $788.80 over Defendant's initial lack of payment. *Id*.

53. Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was October 5, 2025.

54. As of the date of this Complaint, a minimum of 144 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

55. For DISP-3267804, Defendant has failed to pay $24,137.55, which is currently due and owing.

**Patient K.G. – DISP-2234567**

56. On August 2, 2024, Dr. Sheikh provided medical treatment to an individual identified as K.G. ("Patient K.G.") at The Valley Hospital.

57. After treating Patient K.G., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

   a. $12,100.00 for eleven (11) units of CPT code 95940;

   b. $9,175.00 for CPT code 95938-TC;

   c. $15,600.00 for CPT code 95939-TC; and

   d. $5,337.00 for CPT code 95861-TC.

58.     In response to Plaintiff's HCFA, Defendant denied payment.

59.     Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

    a.     $10,285.00 for eleven (11) units of CPT code 95940;

    b.     $7,798.75 for CPT code 95938-TC;

    c.     $13,260.00 for CPT code 95939-TC; and

    d.     $4,536.45 for CPT code 95861-TC.

60.     Defendant submitted the following Notice of Offer:

    a.     $0.00 for eleven (11) units of CPT code 95940;

    b.     $0.00 for CPT code 95938-TC;

    c.     $0.00 for CPT code 95939-TC; and

    d.     $0.00 for CPT code 95861-TC.

61.     On June 26, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-2234567, awarding Plaintiff as follows:

    a.     $10,285.00 for eleven (11) units of CPT code 95940, amounting to an additional $10,285.00 over Defendant's initial lack of payment. *See* **Exhibit E**, attached hereto;

    b.     $7,798.75 for CPT code 95938-TC, amounting to an additional $7,798.75 over Defendant's initial lack of payment. *Id.*;

    c.     $13,260.00 for CPT code 95939-TC, amounting to an additional $13,260.00 over Defendant's initial lack of payment. *Id.*; and

    d.     $4,536.45 for CPT code 95861-TC, amounting to an additional $4,536.45 over Defendant's initial lack of payment. *Id.*

62.     Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was July 26, 2025.

63.     As of the date of this Complaint, a minimum of 219 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

64.     For DISP-2234567, Defendant has failed to pay $35,880.20, which is currently due and owing.

**Patient D.K. – DISP-1221692**

65.     On November 2, 2023, Dr. Sheikh provided medical treatment to an individual identified as D.K. ("Patient D.K.") at The Valley Hospital.

66.     After treating Patient D.K., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

     a.     $5,500.00 for seventeen (17) units of CPT code 95940;

     b.     $9,175.00 for CPT code 95938-TC;

     c.     $3,800.00 for two (2) units of CPT code 95885-TC; and

     d.     $1,125.00 for CPT code 95909-TC.

67.     In response to Plaintiff's HCFA, Defendant denied payment.

68.     Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

     a.     $14,960.00 for seventeen (17) units of CPT code 95940;

     b.     $7,340.00 for CPT code 95938-TC;

     c.     $3,040.00 for two (2) units of CPT code 95885-TC; and

     d.     $1,125.00 for CPT code 95909-TC.

69.     Defendant did not submit a Notice of Offer or otherwise participate in the IDR process.

70. On August 21, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-1221692, awarding Plaintiff as follows:

a. $14,960.00 for seventeen (17) units of CPT code 95940, amounting to an additional $14,960.00 over Defendant's initial lack of payment. *See* **Exhibit F**, attached hereto;

b. $7,340.00 for CPT code 95938-TC, amounting to an additional $7,340.00 over Defendant's initial lack of payment. *Id.*;

c. $3,040.00 for two (2) units of CPT code 95885-TC, amounting to an additional $3,040.00 over Defendant's initial lack of payment. *Id*; and

d. $1,125.00 for CPT code 95909-TC, amounting to an additional $1,125.00 over Defendant's initial lack of payment. *Id*.

71. Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was September 20, 2025.

72. As of the date of this Complaint, a minimum of 163 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

73. For DISP-1221692, Defendant has failed to pay $26,465.00, which is currently due and owing.

**Patient R.L. – DISP-2781794**

74. On November 21, 2024, Widny Pierre, DC, a neurophysiologist employed by Plaintiff, provided medical treatment to an individual identified as R.L. ("Patient R.L.") at The Valley Hospital.

75. After treating Patient R.L., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

a. $12,100.00 for eleven (11) units of CPT code 95940;

b. $9,175.00 for CPT code 95938-TC;

c. $1,800.00 for CPT code 95929-TC;

     d.     $3,800.00 for two (2) units of CPT code 95885-TC; and

     e.     $925.00 for CPT code 95908-TC.

76.     In response to Plaintiff's HCFA, Defendant allowed payments as follows:

     a.     $374.88 for eleven (11) units of CPT code 95940;

     b.     $330.73 for CPT code 95938-TC;

     c.     $158.97 for CPT code 95929-TC;

     d.     $93.00 for two (2) units of CPT code 95885-TC; and

     e.     $62.05 for CPT code 95908-TC.

77.     Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

     a.     $10,560.00 for eleven (11) units of CPT code 95940;

     b.     $9,175.00 for CPT code 95938-TC;

     c.     $1,595.43 for CPT code 95929-TC;

     d.     $3,800.00 for two (2) units of CPT code 95885-TC; and

     e.     $925.00 for CPT code 95908-TC.

78.     Defendant submitted the following Notice of Offer:

     a.     $374.88 for eleven (11) units of CPT code 95940;

     b.     $330.73 for CPT code 95938-TC;

     c.     $158.97 for CPT code 95929-TC;

     d.     $93.00 for two (2) units of CPT code 95885-TC; and

     e.     $62.05 for CPT code 95908-TC.

79.     On April 25, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-2781794, awarding Plaintiff as follows:

a.     $10,560.00 for eleven (11) units of CPT code 95940, amounting to an additional $10,185.12 over Defendant's initial payment. *See* **Exhibit G**, attached hereto;

b.     $9,175.00 for CPT code 95938-TC, amounting to an additional $8,844.27 over Defendant's initial payment. *Id.*;

c.     $1,595.43 for CPT code 95929-TC, amounting to an additional $1,436.46 over Defendant's initial payment. *Id.*;

d.     $3,800.00 for two (2) units of CPT code 95885-TC, amounting to an additional $3,707.00 over Defendant's initial payment. *Id.*; and

e.     $925.00 for CPT code 95908-TC, amounting to an additional $862.95 over Defendant's initial payment. *Id.*

80.     Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was May 25, 2025.

81.     As of the date of this Complaint, a minimum of 281 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

82.     For DISP-2781794, Defendant has failed to pay $25,035.80, which is currently due and owing.

**PATIENT M.M. – DISP-2972677**

83.     On December 16, 2024, Dr. Mandelbaum provided medical treatment to an individual identified as M.M. ("Patient M.M.") at The Valley Hospital.

84.     After treating Patient M.M., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

a.     $9,175.00 for CPT code 95938-TC;

b.     $15,600.00 for CPT code 95939-TC; and

c.     $5,337.00 for CPT code 95861-TC.

85.     In response to Plaintiff's HCFA, Defendant denied payment.

86. Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

    a.    $9,175.00 for CPT code 95938-TC;

    b.    $15,600.00 for CPT code 95939-TC; and

    c.    $5,337.00 for CPT code 95861-TC.

87. Defendant submitted the following Notice of Offer:

    a.    $0.00 for CPT code 95938-TC;

    b.    $0.00 for CPT code 95939-TC; and

    c.    $0.00 for CPT code 95861-TC.

88. On July 1, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-2972677, awarding Plaintiff as follows:

    a.    $9,175.00 for CPT code 95938-TC, amounting to an additional $9,175.00 over Defendant's initial lack of payment. *See* **Exhibit H**, attached hereto;

    b.    $15,600.00 for CPT code 95939-TC, amounting to an additional $15,600.00 over Defendant's initial lack of payment. *Id*.; and

    c.    $5,337.00 for CPT code 95861-TC, amounting to an additional $5,337.00 over Defendant's initial lack of payment. *Id.*

89. Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was July 31, 2025.

90. As of the date of this Complaint, a minimum of 214 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

91. For DISP-2972677, Defendant has failed to pay $30,112.00, which is currently due and owing.

**PATIENT M.F.M – DISP-1176301**

92.      On June 9, 2023, Dr. Mandelbaum provided medical treatment to an individual identified as M.F.M. ("Patient M.F.M.") at The Valley Hospital.

93.      After treating Patient M.F.M., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

      a.      $18,700.00 for seventeen (17) units of CPT code 95940;

      b.      $9,175.00 for CPT code 95938-TC;

      c.      $15,600.00 for CPT code 95939-TC; and

      d.      $5,337.00 for CPT code 95861-TC.

94.      In response to Plaintiff's HCFA, Defendant denied payment.

95.      Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

      a.      $15,895.00 for seventeen (17) units of CPT code 95940;

      b.      $7,798.75 for CPT code 95938-TC;

      c.      $13,260.00 for CPT code 95939-TC; and

      d.      $4,536.45 for CPT code 95861-TC.

96.      Defendant submitted the following Notice of Offer:

      a.      $0.00 for seventeen (17) units of CPT code 95940;

      b.      $0.00 for CPT code 95938-TC;

      c.      $0.00 for CPT code 95939-TC; and

      d.      $0.00 for CPT code 95861-TC.

97.      On May 21, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-1176301, awarding Plaintiff as follows:

a. $15,895.00 for seventeen (17) units of CPT code 95940, amounting to an additional $15,895.00 over Defendant's initial lack of payment. *See* **Exhibit I**, attached hereto;

b. $7,798.75 for CPT code 95938-TC, amounting to an additional $7,798.75 over Defendant's initial lack of payment. *Id*.;

c. $13,260.00 for CPT code 95939-TC, amounting to an additional $13,260.00 over Defendant's initial lack of payment. *Id.*; and

d. $4,536.45 for CPT code 95861-TC, amounting to an additional $4,536.45 over Defendant's initial lack of payment. *Id*.

98. Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was June 20, 2025.

99. As of the date of this Complaint, a minimum of 255 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

100. For DISP-1176301, Defendant has failed to pay $41,490.20, which is currently due and owing.

**PATIENT T.R. – DISP-2604084**

101. On May 2, 2024, Dr. Mandelbaum provided medical treatment to an individual identified as T.R. ("Patient T.R.") at The Valley Hospital.

102. After treating Patient T.R., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

a. $14,300.00 for thirteen (13) units of CPT code 95940;

b. $9,175.00 for CPT code 95938-TC;

c. $15,600.00 for CPT code 95939-TC; and

d. $5,337.00 for CPT code 95861-TC.

103. In response to Plaintiff's HCFA, Defendant denied payment.

104. Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

    a. $11,440.00 for thirteen (13) units of CPT code 95940;

    b. $9,175.00 for CPT code 95938-TC;

    c. $10,559.00 for CPT code 95939-TC; and

    d. $5,300.00 for CPT code 95861-TC.

105. Defendant submitted the following Notice of Offer:

    a. $0.00 for thirteen (13) units of CPT code 95940;

    b. $0.00 for CPT code 95938-TC;

    c. $0.00 for CPT code 95939-TC; and

    d. $0.00 for CPT code 95861-TC.

106. On May 19, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-2604084, awarding Plaintiff as follows:

    a. $11,440.00 for thirteen (13) units of CPT code 95940, amounting to an additional $11,440.00 over Defendant's initial lack of payment. *See* **Exhibit J**, attached hereto;

    b. $9,175.00 for CPT code 95938-TC, amounting to an additional $9,175.00 over Defendant's initial lack of payment. *Id*.;

    c. $10,559.00 for CPT code 95939-TC, amounting to an additional $10,559.00 over Defendant's initial lack of payment. *Id*.; and

    d. $5,300.00 for CPT code 95861-TC, amounting to an additional $5,300.00 over Defendant's initial lack of payment. *Id*.

107. Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was June 18, 2025.

108. As of the date of this Complaint, a minimum of 237 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

109. For DISP-2604084, Defendant has failed to pay $36,474.00, which is currently due and owing.

**PATIENT L.Z. – DISP-1571156**

110. On November 8, 2023, Dr. Sheikh provided medical treatment to an individual identified as L.Z. ("Patient L.Z.") at Cooperman Barnabas Medical Center, located in Livingston, New Jersey.

111. After treating Patient L.Z., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

    a. $9,175.00 for CPT code 95938-TC;

    b. $3,800.00 for two (2) units of CPT code 95885-TC; and

    c. $925.00 for CPT code 95908-TC.

112. In response to Plaintiff's HCFA, Defendant denied payment.

113. Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

    a. $9,175.00 for CPT code 95938-TC;

    b. $3,800.00 for two (2) units of CPT code 95885-TC; and

    c. $925.00 for CPT code 95908-TC.

114. Defendant submitted the following Notice of Offer:

    a. $0.00 for CPT code 95938-TC;

    b. $0.00 for two (2) units of CPT code 95885-TC; and

    c. $0.00 for CPT code 95908-TC.

115. On June 10, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-1571156, awarding Plaintiff as follows:

     a.     $9,175.00 for CPT code 95938-TC, amounting to an additional $9,175.00 over Defendant's initial lack of payment. *See* **Exhibit K**, attached hereto;

     b.     $3,800.00 for two (2) units of CPT code 95885-TC, amounting to an additional $3,800.00 over Defendant's initial lack of payment. *Id*; and

     c.     $925.00 for CPT code 95908-TC, amounting to an additional $925.00 over Defendant's initial lack of payment. *Id*.

116.    Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was July 9, 2025.

117.    As of the date of this Complaint, a minimum of 235 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

118.    For DISP-1571156, Defendant has failed to pay $13,900.00, which is currently due and owing.

119.    While the NSA is a federal law, federal courts have indicated that the proper recourse against a health plan that fails to pay an NSA IDR award is through state law causes of action. *See Mod. Orthopaedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824, at * 32 (D.N.J. Nov. 3, 2025) (*citing Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147, at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA; "the NSA . . . says nothing that would preclude a provider from bringing suit under traditional state law causes of action . . . like unjust enrichment.").

120.    Accordingly, Plaintiff has been damaged in the total amount of $313,928.55 due to Defendant's failure to pay the IDR determinations ("Awards") and continues to suffer damages in the operation of its medical practice.

## COUNT ONE

### BREACH OF EXPRESS CONTRACT (CLICK-WRAP)
### *(pled exclusive of DISP-1221692)*

121.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 120 of the Complaint as though fully set forth herein.

122.     This cause of action is pled to all disputes above with the exception of DISP-1221692.

123.     In each instance, Plaintiff initiated the NSA's IDR process by submitting a Notice of IDR Initiation to the Department of Health and Human Services via the NSA's federal IDR portal. *See* **Exhibit L**, attached hereto.

124.     Thereafter, the parties were presented with IDR participation terms, including the federal IDR portal's Terms of Use and the CIDREs' participation agreements, which required the parties' consent to be bound by the CIDREs' final payment determinations and to pay the amount determined by the CIDREs. Each party was required to accept the NSA's IDR participation terms prior to submitting an IDR offer, uploading documents and proceeding with the IDR process.

125.     Defendant provided affirmative consent to the IDR's participation terms by checking a box and/or clicking "I agree."

126.     The parties' mutual agreement to accept and comply with the CIDREs' determinations is sufficient consideration.

127.     In the above disputes, the CIDREs entered awards for the medical services Plaintiff rendered to Defendant's members, amounting to an additional $287,463.55 over Defendant's initial payments or lack thereof.

128.     Under the express terms of the click-wrap agreement, Defendant was required to pay the Awards.

129.    Defendant failed to pay the Awards.

130.    To date, Defendant has not paid the Awards, despite Plaintiff's demand for payments.

131.    The NSA does not preempt a claim for breach of contract. *See Mod. Orthopaedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824, at * 32 (D.N.J. Nov. 3, 2025) (citing *Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147, at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA).

132.    The click-wrap agreement constitutes a valid, express contract under New Jersey law, supported by mutual consideration, including Plaintiff's opportunity to obtain binding dispute resolution and Defendant's participation in the NSA's IDR process and agreement to be bound by the outcome.

133.    Defendant breached the express click-wrap contract by failing to pay the amounts determined by the CIDREs.

134.    Defendant's failure to pay the Awards constitutes a material breach of contract.

135.    As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $287,463.55.

## COUNT TWO

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (*pled exclusive of DISP-1221692*)

136.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 135 of the Complaint as though fully set forth herein.

137. This cause of action is pled to all disputes above with the exception of DISP-1221692.

138. The click-wrap agreement constitutes a valid express contract under New Jersey law governing the parties' agreement to participate in the NSA's IDR process and to pay the Awards as determined by the CIDREs.

139. Defendant acted in bad faith by refusing to pay the Awards as determined by the CIDREs despite its agreement to be bound by the CIDREs' final payments determinations.

140. Defendant's conduct was undertaken to avoid its payments obligations and to delay or frustrate Plaintiff's right to receive payments.

141. Defendant's actions deprived Plaintiff of the benefit of its bargain.

142. Plaintiff suffered damages in the unpaid Awards as determined by the CIDREs.

## COUNT THREE

### DECLARATORY JUDGMENT

143. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 142 of the Complaint as though fully set forth herein.

144. An actual and present controversy exists between Plaintiff and Defendant concerning Defendant's obligation to pay the Awards as determined by the CIDREs.

145. By refusing to pay the Awards despite repeated demands, Defendant seemingly contends that it is not required to do so, or that payments may be delayed or avoided, notwithstanding the CIDREs' final determinations.

146. Defendant is obligated to pay the amounts determined by the CIDREs and there is no appeal, complaint or administrative process that stays Defendant's payment obligations.

147.     A declaratory judgment would resolve the parties' dispute and clarify their respective rights and obligations.

148.     Plaintiff seeks a declaration that Defendant is obligated to pay the Awards as determined by the CIDREs in full and without delay.

## COUNT FOUR

### ACCOUNT STATED

149.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 148 of the Complaint as though fully set forth herein.

150.     Plaintiff rendered medical treatment to Defendant's members for which Defendant was financially responsible.

151.     Plaintiff submitted HCFAs to Defendant reflecting amounts due for the medical treatments it rendered to Defendant's members.

152.     After the parties failed to resolve the payment disputes at the close of the open negotiation periods, Plaintiff initiated the NSA's IDR process.

153.     In each instance, the CIDREs issued written final determinations establishing the amounts Defendant owed to Plaintiff for the medical services it rendered to Defendant's members.

154.     Defendant received the CIDREs' written final determinations and did not move to vacate the Awards, as provided for under the under the parameters described in paragraphs (1) through (4) of section 10(a) of title 9. See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II).

155.     Defendant's failure to seek recourse under 9 U.S.C. § 10(a) constitutes an implied agreement that the CIDREs' final determinations are correct.

156.     Defendant has failed to pay the Awards as determined by the CIDREs.

## COUNT FIVE

### QUANTUM MERUIT
*(pled in the alternative for all disputes exclusive of DISP-1221692)*

157.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 156 of the Complaint as though fully set forth herein.

158.    This cause of action is pled as to DISP-1221692, and in the alternative to all other disputes referenced herein.

159.    Plaintiff conferred a valuable benefit upon Defendant by providing good faith medical services to Defendant's members at Plaintiff's expense, with the reasonable expectation of payment.

160.    Defendant accepted and retained the benefit from the medical services Plaintiff provided as its members received medical services under the health plan Defendant administers.

161.    Defendant had a reasonable expectation that Plaintiff expected payment for the medical services provided to Defendant's members as it received HCFAs from Plaintiff that set forth the amounts billed for the medical services provided. Defendant appreciates, realizes and knows that Plaintiff expected payment for the medical services provided to its members because it issued Explanations of Benefit ("EOB").

162.    The final determination made by the CIDREs reflect objective, federally regulated assessments of the reasonable value for the medical services Plaintiff rendered to Defendant's members.

163.    Defendant has failed to pay the Awards as determined by the CIDREs, or any amount approximating the reasonable value for the medical services Plaintiff rendered to Defendant's members.

164.    It would be unjust and inequitable for Defendant to retain the benefit of Plaintiff's medical services without paying the reasonable value as determined by the CIDREs.

165.    Plaintiff is therefore entitled to recover under the doctrine of quantum meruit the reasonable value of the services rendered as determined by the CIDREs.

166.    This quantum meruit claim is pled in the alternative to Plaintiff's breach of contract claim for all disputes, exclusive of DISP-1221692. With the exception of DISP-1221692, Plaintiff only brings this claim to the extent the Court finds that no enforceable express contract governs Defendant's obligation to pay or that the express contract is unenforceable, void, or otherwise inapplicable.

## COUNT SIX

### UNJUST ENRICHMENT
*(pled in the alternative for all disputes exclusive of DISP-1221692)*

167.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 166 of the Complaint as though fully set forth herein.

168.    This cause of action is pled as to DISP-1221692, and in the alternative to all other disputes referenced herein.

169.    Defendant received the benefit of the underlying medical services Plaintiff rendered to Defendant's members. These medical services were provided at Plaintiff's expense and under circumstances that would make it unjust for Defendant to retain the benefit without commensurate compensation.

170.    Defendant had reasonable notice that Plaintiff expected payment for the benefit conferred as it received HCFAs from Plaintiff that set forth the amounts billed for the medical services Plaintiff rendered to Defendant's members. Defendant appreciates, realizes and knows

that the benefit was conferred because it issued EOBs. Thus, there was a direct connection between Plaintiff's impoverishment and Defendant's enrichment.

171.    The dispute over the value of the benefits received was resolved in accordance with the NSA's IDR process, which requires the non-prevailing party to issue payment within 30 days of the determinations made by the CIDREs.

172.    The NSA does not preempt a claim for unjust enrichment. *See Mod. Orthopaedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824, at * 32 (D.N.J. Nov. 3, 2025) (citing *Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147, at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA)). Indeed, at least one federal court has indicated that the proper remedy for a medical provider to recover unpaid IDR awards issued against an insurance carrier is in fact unjust enrichment. *See Modern Orthopaedics*, 2025 U.S. Dist. LEXIS 215824, at * 31-32 ("the NSA . . . says nothing that would preclude a provider from bringing suit under traditional state law causes of action . . . like unjust enrichment.").

173.    Defendant improperly retained the benefit under the plans without payment to Plaintiff.

174.    Defendant has continued to improperly retain the required payments for the services Plaintiff rendered to its members beyond the 30-day deadline, which allowed it to become further unjustly enriched by receiving interest and/or investment income because of the unlawful retention of the funds, which were unquestionably owed to Plaintiff.

175.    It is against equity and good conscience to deprive Plaintiff of the funds Defendant owes, as determined by the CIDREs in accordance with federal law.

176. Plaintiff hereby seeks payment of the award as determined by the CIDREs as well as all benefits obtained by Defendant because Defendant did not timely pay the amount owed, including without limitation the interest or investment income generated by such funds.

177. This unjust enrichment claim is pled in the alternative to Plaintiff's breach of contract claim for all disputes exclusive of DISP-1221692. Plaintiff only brings this claim to the extent the Court finds that no enforceable express contract governs Defendant's obligation to pay or that the express contract is unenforceable, void, or otherwise inapplicable.

**CLAIM FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Judgment in the amount of $313,928.55;

b. Declaratory relief as requested;

c. Pre- and post-judgment interest;

d. Costs of suit; and

e. Such other relief as the Court deems just and equitable.

Dated: March 27, 2026
Fair Lawn, New Jersey

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*

*/s/ Lane W. Legband*
Lane W. Legband, Esq.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>R</u>. 4:25-4, Lane W. Legband, Esq. is hereby designated as trial counsel in the above-captioned litigation on behalf of the law firm of Gottlieb & Greenspan, LLC.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The matter in controversy is not the subject of any other action pending in any other Court. There are no pending arbitration proceedings. No other action or arbitration proceedings are contemplated. No non-party is known who would be subject to joinder because of potential liability.

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*

*/s/ Lane W. Legband*
Lane W. Legband, Esq.

Dated: March 27, 2026

# EXHIBIT A

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1348395

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1348395** and has determined that Elite Neurophysiology LLC is the prevailing party in this dispute. Elite Neurophysiology LLC prevailed in 4 out of 4 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$24,640.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95940 on this claim 24036167731 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $24,640.00

UMR submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Elite Neurophysiology LLC's offer best represents the value of the services that are the subject of this unique payment determination.

·   Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the service(s) provided were not covered by No Surprises Act (NSA) guidelines. The Non-Initiating Party did submit a list of which items and services included in the dispute were not covered under the No Surprises Act and, for each item or service listed, an explanation as to why it is not covered under the No Surprises Act. After reviewing the objection and documentation submitted by both parties, FHAS has determined that the claim(s) are covered by NSA guidelines, and the objection was overruled.

**Determination 2**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$9,175.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95938 on this claim 24036167731 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $9,175.00

UMR submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |

| | | | |
|---|---|---|---|
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Elite Neurophysiology LLC's offer best represents the value of the services that are the subject of this unique payment determination.

· Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the service(s) provided were not covered by No Surprises Act (NSA) guidelines. The Non-Initiating Party did submit a list of which items and services included in the dispute were not covered under the No Surprises Act and, for each item or service listed, an explanation as to why it is not covered under the No Surprises Act. After reviewing the objection and documentation submitted by both parties, FHAS has determined that the claim(s) are covered by NSA guidelines, and the objection was overruled.

**Determination 3**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$3,800.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95885 on this claim 24036167731 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $3,800.00

UMR submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|  | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) |  |  |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided |  |  |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual |  |  |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service |  |  |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years |  |  |
| 6 | Additional information submitted by a party |  |  |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Elite Neurophysiology LLC's offer best represents the value of the services that are the subject of this unique payment determination.

·   Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the service(s) provided were not covered by No Surprises Act (NSA) guidelines. The Non-Initiating Party did submit a list of which items and services included in the dispute were not covered under the No Surprises Act and, for each item or service listed, an explanation as to why it is not covered under the No Surprises Act. After reviewing the objection and documentation submitted by both parties, FHAS has determined that the claim(s) are covered by NSA guidelines, and the objection was overruled.

**Determination 4**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$1,128.80** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95910 on this claim 24036167731 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $1,128.80

UMR submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Elite Neurophysiology LLC's offer best represents the value of the services that are the subject of this unique payment determination.

·   Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the service(s) provided were not covered by No Surprises Act (NSA) guidelines. The Non-Initiating Party did submit a list of which items and services included in the dispute were not covered under the No Surprises Act and, for each item or service listed, an explanation as to why it is not covered under the No Surprises Act. After reviewing the objection and documentation submitted by both parties, FHAS has determined that the claim(s) are covered by NSA guidelines, and the objection was overruled.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that UMR had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-1348395 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Elite Neurophysiology LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1348395 was Elite Neurophysiology LLC. The initiating party's TIN is 464473087. The non-initiating party was UMR. The 90-calendar day cooling off period begins on May 29, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2286676

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2286676** and has determined that Elite Neurophysiology LLC is the prevailing party in this dispute. Elite Neurophysiology LLC prevailed in 3 out of 3 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$5,500.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95940 on this claim ET32410962 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $5,500.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IDRE considered the evidence submitted regarding the negotiations (or lack thereof) that occurred during Open Negotiations because this is additional information by the parties and is not prohibited. It was, however, given limited weight because Congress did not list this among the primary factors to be considered by the IDRE and whether it "relates to the offer" is unclear. The IP submits that the "absolute floor of payment in this matter should be the plan's regular out-of-network benefits." However, this is not the measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence. The IP offers no support for its suggestion that the plan's "regular out-of-network benefits" should be considered by the IDRE on any basis.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Determination 2**

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$9,175.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95938 on this claim ET32410962 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $9,175.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|  | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IDRE considered the evidence submitted regarding the negotiations (or lack thereof) that occurred during Open Negotiations because this is additional information by the parties and is not prohibited. It was, however, given limited weight because Congress did not list this among the primary factors to be considered by the IDRE and whether it "relates to the offer" is unclear. The IP submits that the "absolute floor of payment in this matter should be the plan's regular out-of-network benefits." However, this is not the measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence. The IP offers no support for its suggestion that the plan's "regular out-of-network benefits" should be considered by the IDRE on any basis.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Determination 3**

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$5,300.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95861 on this claim ET32410962 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $5,300.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|  | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IDRE considered the evidence submitted regarding the negotiations (or lack thereof) that occurred during Open Negotiations because this is additional information by the parties and is not prohibited. It was, however, given limited weight because Congress did not list this among the primary factors to be considered by the IDRE and whether it "relates to the offer" is unclear. The IP submits that the "absolute floor of payment in this matter should be the plan's regular out-of-network benefits." However, this is not the measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence. The IP offers no support for its suggestion that the plan's "regular out-of-network benefits" should be considered by the IDRE on any basis.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that UNITED HEALTHCARE had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-2286676 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Elite Neurophysiology LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2286676 was Elite Neurophysiology LLC. The initiating party's TIN is 464473087. The non-initiating party was UNITED HEALTHCARE. The 90-calendar day cooling off period begins on June 3, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit C

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2026942

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2026942** and has determined that Elite Neurophysiology LLC is the prevailing party in this dispute. Elite Neurophysiology LLC prevailed in 4 out of 4 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$11,440.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95940 on this claim EP51458625 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $11,440.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Elite Neurophysiology LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting prior contracted rates and good faith negotiations effort added significant weight in reaching a payment determination. The Initiating party's credible evidence of the level of training and experience and/ or the quality and outcome measurements was of substantial weight in this adjudication. The Initiating party's information regarding market share was of limited value in reaching a payment determination in this matter. The Initiating party's information regarding the teaching status, case mix, and/or scope of services provided was of limited value in reaching a payment determination in this matter. The Non-Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Non-Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Non-Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected to not receiving the Open Negotiation Notice for the dispute. Supporting documentation was submitted showing the date when the open negotiation period was completed; and documentation that confirms the open negotiation start date. After reviewing the submitted documentation, FHAS has determined that the Open Negotiation period and the submission of the Notice were within CMS time frames. Therefore, the objection was overruled.

The Non-Initiating Party objected that the service(s) provided were batched incorrectly for one of the following reasons:

- All items and/ or services were not provided by the same initiating party;

- All items and/ or services were not provided by the same non-initiating;

- All items and/ or services were not provided during the same 30-day calendar period.

- All items and/ or services were not submitted under one of the three batching methods.

- All items and/ or services were submitted with identical claim numbers;

- All items and/ or services were submitted with identical service codes; or

- All items and/ or services were submitted within the same Category I CPT code section.

The Non-Initiating Party did submit a list of the items or services that were improperly batched or bundled, and for each item or service on the list, indicate the batching or bundling requirement that was not met. After reviewing the supporting documentation for the objection, FHAS has determined that the claim(s) are batched correctly, and the objection was overruled.

The Non-Initiating Party objected that the service(s) provided were not covered by No Surprises Act (NSA) guidelines. The Non-Initiating Party did submit a list of which items and services included in the dispute were not covered under the No Surprises Act and, for each item or service listed, an explanation as to why it is not covered under the No Surprises Act. After reviewing the objection and documentation submitted by both parties, FHAS has determined that the claim(s) are covered by NSA guidelines, and the objection was overruled.

## Determination 2

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$6,881.25** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95938 on this claim EP51458625 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $6,881.25

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| | The teaching status, case mix, and scope of services | | |

| 4 | of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Elite Neurophysiology LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting prior contracted rates and good faith negotiations effort added significant weight in reaching a payment determination. The Initiating party's credible evidence of the level of training and experience and/ or the quality and outcome measurements was of substantial weight in this adjudication. The Initiating party's information regarding market share was of limited value in reaching a payment determination in this matter. The Initiating party's information regarding the teaching status, case mix, and/or scope of services provided was of limited value in reaching a payment determination in this matter. The Non-Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Non-Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Non-Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected to not receiving the Open Negotiation Notice for the dispute. Supporting documentation was submitted showing the date when the open negotiation period was completed; and documentation that confirms the open negotiation start date. After reviewing the submitted documentation, FHAS has determined that the Open Negotiation period and the submission of the Notice were within CMS time frames. Therefore, the objection was overruled.

The Non-Initiating Party objected that the service(s) provided were batched incorrectly for one of the following reasons:

- All items and/ or services were not provided by the same initiating party;

- All items and/ or services were not provided by the same non-initiating;

- All items and/ or services were not provided during the same 30-day calendar period.

- All items and/ or services were not submitted under one of the three batching methods.

- All items and/ or services were submitted with identical claim numbers;

- All items and/ or services were submitted with identical service codes; or

- All items and/ or services were submitted within the same Category I CPT code section.

The Non-Initiating Party did submit a list of the items or services that were improperly batched or bundled, and for each item or service on the list, indicate the batching or bundling requirement that was not met. After reviewing the supporting documentation for the objection, FHAS has determined that the claim(s) are batched correctly, and the objection was overruled.

The Non-Initiating Party objected that the service(s) provided were not covered by No Surprises Act (NSA) guidelines. The Non-Initiating Party did submit a list of which items and services included in the dispute were not covered under the No Surprises Act and, for each item or service listed, an explanation as to why it is not covered under the No Surprises Act. After reviewing the objection and documentation submitted by both parties, FHAS has determined that the claim(s) are covered by NSA guidelines, and the objection was overruled.

**Determination 3**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$2,850.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95885 on this claim EP51458625 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $2,850.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility | X | |

| | | | |
|---|---|---|---|
| | that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Elite Neurophysiology LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting prior contracted rates and good faith negotiations effort added significant weight in reaching a payment determination. The Initiating party's credible evidence of the level of training and experience and/ or the quality and outcome measurements was of substantial weight in this adjudication. The Initiating party's information regarding market share was of limited value in reaching a payment determination in this matter. The Initiating party's information regarding the teaching status, case mix, and/or scope of services provided was of limited value in reaching a payment determination in this matter. The Non-Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Non-Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Non-Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected to not receiving the Open Negotiation Notice for the dispute. Supporting documentation was submitted showing the date when the open negotiation period was completed; and documentation that confirms the open negotiation start date. After reviewing the submitted documentation, FHAS has determined that the Open Negotiation period and the submission of the Notice were within CMS time frames. Therefore, the objection was overruled.

The Non-Initiating Party objected that the service(s) provided were batched incorrectly for one of the following reasons:

- All items and/ or services were not provided by the same initiating party;

- All items and/ or services were not provided by the same non-initiating;

- All items and/ or services were not provided during the same 30-day calendar period.

- All items and/ or services were not submitted under one of the three batching methods.

- All items and/ or services were submitted with identical claim numbers;

- All items and/ or services were submitted with identical service codes; or

- All items and/ or services were submitted within the same Category I CPT code section.

The Non-Initiating Party did submit a list of the items or services that were improperly batched or bundled, and for each item or service on the list, indicate the batching or bundling requirement that was not met. After reviewing the supporting documentation for the objection, FHAS has determined that the claim(s) are batched correctly, and the objection was overruled.

The Non-Initiating Party objected that the service(s) provided were not covered by No Surprises Act (NSA) guidelines. The Non-Initiating Party did submit a list of which items and services included in the dispute were not covered under the No Surprises Act and, for each item or service listed, an explanation as to why it is not covered under the No Surprises Act. After reviewing the objection and documentation submitted by both parties, FHAS has determined that the claim(s) are covered by NSA guidelines, and the objection was overruled.

**Determination 4**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$543.75** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95907 on this claim EP51458625 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of $543.75

UNITED HEALTHCARE submitted an offer of $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Elite Neurophysiology LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting prior contracted rates and good faith negotiations effort added significant weight in reaching a payment determination. The Initiating party's credible evidence of the level of training and experience and/ or the quality and outcome measurements was of substantial weight in this adjudication. The Initiating party's information regarding

market share was of limited value in reaching a payment determination in this matter. The Initiating party's information regarding the teaching status, case mix, and/or scope of services provided was of limited value in reaching a payment determination in this matter. The Non-Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Non-Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Non-Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected to not receiving the Open Negotiation Notice for the dispute. Supporting documentation was submitted showing the date when the open negotiation period was completed; and documentation that confirms the open negotiation start date. After reviewing the submitted documentation, FHAS has determined that the Open Negotiation period and the submission of the Notice were within CMS time frames. Therefore, the objection was overruled.

The Non-Initiating Party objected that the service(s) provided were batched incorrectly for one of the following reasons:

• All items and/ or services were not provided by the same initiating party;

• All items and/ or services were not provided by the same non-initiating;

• All items and/ or services were not provided during the same 30-day calendar period.

• All items and/ or services were not submitted under one of the three batching methods.

• All items and/ or services were submitted with identical claim numbers;

• All items and/ or services were submitted with identical service codes; or

• All items and/ or services were submitted within the same Category I CPT code section.

The Non-Initiating Party did submit a list of the items or services that were improperly batched or bundled, and for each item or service on the list, indicate the batching or bundling requirement that was not met. After reviewing the supporting documentation for the objection, FHAS has determined that the claim(s) are batched correctly, and the objection was overruled.

The Non-Initiating Party objected that the service(s) provided were not covered by No Surprises Act (NSA) guidelines. The Non-Initiating Party did submit a list of which items and services included in the dispute were not covered under the No Surprises Act and, for each item or service listed, an explanation as to why it is not covered under the No Surprises Act. After reviewing the objection and documentation submitted by both parties, FHAS has determined that the claim(s) are covered by NSA guidelines, and the objection was overruled.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that UNITED HEALTHCARE had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-2026942 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Elite Neurophysiology LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2026942 was Elite Neurophysiology LLC. The initiating party's TIN is 464473087. The non-initiating party was UNITED HEALTHCARE. The 90-calendar day cooling off period begins on June 4, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit D

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3267804

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3267804** and has determined that Elite Neurophysiology LLC is the prevailing party in this dispute. Elite Neurophysiology LLC prevailed in 4 out of 4 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$12,320.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95940 on this claim EX00828937 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $12,320.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

This is a review for Claim #: EX00828937. The service under review for the No Surprise Act is 95940 on 1/6/2025. The parties involved in this dispute are the Initiating Party, Elite Neurophysiology LLC, requesting the amount of $12,320, and the Non-Initiating Party, UNITED HEALTHCARE, is offering the amount of $0.

After a thorough review of the Notice of Offers and additional information, the Initiating Party's offer best represents the value of this qualified IDR item or service.

The provider's training and experience, as evidenced by Joseph Mandelbaum CC-A, CNIM submitted CV, were heavily weighted.

Therefore, the favor is for the initiating party.

Same as above for different DLI/Claims/Codes/Fees/Dates within this same dispute.

## Determination 2

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$7,798.75** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95938 on this claim EX00828937 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $7,798.75

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|  | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted | | |

| | | | Initiating Party | Non-Initiating Party |
|---|---|---|---|---|
| | | rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | X | X |

## Determination Rationale

After a thorough review of the Notice of Offers and additional information, the Initiating Party's offer best represents the value of this qualified IDR item or service.

## Determination 3

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$3,230.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95885 on this claim EX00828937 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $3,230.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | X |

## Determination Rationale

After a thorough review of the Notice of Offers and additional information, the Initiating Party's offer best represents the value of this qualified IDR item or service.

## Determination 4

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$788.80** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95908 on this claim EX00828937 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $788.80

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | X |

## Determination Rationale

After a thorough review of the Notice of Offers and additional information, the Initiating Party's offer best represents the value of this qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

   • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

   • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that UNITED HEALTHCARE had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-3267804 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Elite Neurophysiology LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-3267804 was Elite Neurophysiology LLC. The initiating party's TIN is 464473087. The non-initiating party was UNITED HEALTHCARE. The 90-calendar day cooling off period begins on September 5, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**

Visit the No Surprises website for additional IDR resources.

**Contact information**

For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit E

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2234567

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2234567** and has determined that ELITE NEUROPHYSIOLOGY LLC is the prevailing party in this dispute. ELITE NEUROPHYSIOLOGY LLC prevailed in 4 out of 4 dispute line items.

## Determination 1

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$10,285.00** offered by ELITE NEUROPHYSIOLOGY LLC is the appropriate out-of-network rate for the item or service 95940 on this claim EQ75188457 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

ELITE NEUROPHYSIOLOGY LLC submitted an offer of  $10,285.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|  | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

After a thorough review of the Notice of Offers and additional information, the Initiating Party's offer best represents the value of this qualified IDR item or service.

The additional information submitted by the initiating party provided proof of credible additional circumstances or factors as defined in the standards. We find the QPA is materially different from the appropriate out-of-network rate.

Therefore, the favor is for the initiating party.

**Determination 2**

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$7,798.75** offered by ELITE NEUROPHYSIOLOGY LLC is the appropriate out-of-network rate for the item or service 95938 on this claim EQ75188457 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

ELITE NEUROPHYSIOLOGY LLC submitted an offer of  $7,798.75

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

After a thorough review of the Notice of Offers and additional information, the Initiating Party's offer best represents the value of this qualified IDR item or service.

The additional information submitted by the initiating party provided proof of credible additional circumstances or factors as defined in the standards. We find the QPA is materially different from the appropriate out-of-network rate.

Therefore, the favor is for the initiating party.

**Determination 3**

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$13,260.00** offered by ELITE NEUROPHYSIOLOGY LLC is the appropriate out-of-network rate for the item or service 95939 on this claim EQ75188457 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

ELITE NEUROPHYSIOLOGY LLC submitted an offer of  $13,260.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

After a thorough review of the Notice of Offers and additional information, the Initiating Party's offer best represents the value of this qualified IDR item or service.

The additional information submitted by the initiating party provided proof of credible additional circumstances or factors as defined in the standards. We find the QPA is materially different from the appropriate out-of-network rate.

Therefore, the favor is for the initiating party.


**Determination 4**

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$4,536.45** offered by ELITE NEUROPHYSIOLOGY LLC is the appropriate out-of-network rate for the item or service 95861 on this claim EQ75188457 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

ELITE NEUROPHYSIOLOGY LLC submitted an offer of  $4,536.45

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

After a thorough review of the Notice of Offers and additional information, the Initiating Party's offer best represents the value of this qualified IDR item or service.

The additional information submitted by the initiating party provided proof of credible additional circumstances or factors as defined in the standards. We find the QPA is materially different from the appropriate out-of-network rate.

Therefore, the favor is for the initiating party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that UNITED HEALTHCARE had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-2234567 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to ELITE NEUROPHYSIOLOGY LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2234567 was ELITE NEUROPHYSIOLOGY LLC. The initiating party's TIN is 464473087. The non-initiating party was UNITED HEALTHCARE. The 90-calendar day cooling off period begins on June 26, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit F

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-1221692


EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1221692** and has determined that Elite Neurophysiology LLC is the prevailing party in this dispute. Elite Neurophysiology LLC prevailed in all dispute line items.


Because only one party, Elite Neurophysiology LLC , submitted an offer and paid the corresponding fees, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount for the items and/or services is as outlined in the table below for this dispute.

| Claim Number | Service Code | Prevailing Party Offer Amount |
|---|---|---|
| EG38501104 | 95940 | $14,960.00 |
| EG38501104 | 95938 | $7,340.00 |
| EG38501104 | 95885 | $3,040.00 |
| EG38501104 | 95909 | $1,125.00 |

**Determination Rationale for all Line Items Associated with this Dispute**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
EdiPhy Advisors, L.L.C. did not receive an offer and/or fees from THE EMPIRE PLAN . As a result, the certified IDR entity has found in favor of Elite Neurophysiology LLC , the only party to submit an offer and fees.


**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:


   • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

   • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.


**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has not received an offer and/or fees from THE EMPIRE PLAN and is therefore the non-prevailing party in DISP-1221692 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the

prevailing party will be returned to Elite Neurophysiology LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1221692 was Elite Neurophysiology LLC. The initiating party's TIN is 464473087. The non-initiating party was THE EMPIRE PLAN. The 90-calendar day cooling off period begins on August 21, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit G

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2781794

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2781794** and has determined that Elite Neurophysiology LLC is the prevailing party in this dispute. Elite Neurophysiology LLC prevailed in 5 out of 5 dispute line items.

## Determination 1

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$10,560.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95940 on this claim 25008199968 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $10,560.00

United Healthcare submitted an offer of  $374.88

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 2**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$9,175.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95938 on this claim 25008199968 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $9,175.00

United Healthcare submitted an offer of  $330.73

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 3**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$1,595.43** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95929 on this claim 25008199968 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $1,595.43

United Healthcare submitted an offer of  $158.97

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 4**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$3,800.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95885 on this claim 25008199968 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $3,800.00

United Healthcare submitted an offer of  $93.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 5**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$925.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95908 on this claim 25008199968 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $925.00

United Healthcare submitted an offer of  $62.05

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|  | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X |  |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that United Healthcare had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-2781794 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Elite Neurophysiology LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2781794 was Elite Neurophysiology LLC. The initiating party's NPI is 1285081927 and TIN is 464473087. The non-initiating party was United Healthcare. The 90-calendar day cooling off period begins on April 25, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit H

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2972677

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2972677** and has determined that ELITE NEUROPHYSIOLOGY LLC is the prevailing party in this dispute. ELITE NEUROPHYSIOLOGY LLC prevailed in 3 out of 3 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$9,175.00** offered by ELITE NEUROPHYSIOLOGY LLC is the appropriate out-of-network rate for the item or service 95938 on this claim EV85752187 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

ELITE NEUROPHYSIOLOGY LLC submitted an offer of  $9,175.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IDRE considered the evidence submitted regarding the negotiations (or lack thereof) that occurred during Open Negotiations because this is additional information by the parties and is not prohibited. It was, however, given limited weight because Congress did not list this among the primary factors to be considered by the IDRE and whether it "relates to the offer" is unclear. The IP submits that the "absolute floor of payment in this matter should be the plan's regular out-of-network benefits." However, this is not the measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence. The IP offers no support for its suggestion that the plan's "regular out-of-network benefits" should be considered by the IDRE on any basis.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Determination 2**

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$15,600.00** offered by ELITE NEUROPHYSIOLOGY LLC is the appropriate out-of-network rate for the item or service 95939 on this claim EV85752187 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

ELITE NEUROPHYSIOLOGY LLC submitted an offer of  $15,600.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IDRE considered the evidence submitted regarding the negotiations (or lack thereof) that occurred during Open Negotiations because this is additional information by the parties and is not prohibited. It was, however, given limited weight because Congress did not list this among the primary factors to be considered by the IDRE and whether it "relates to the offer" is unclear. The IP submits that the "absolute floor of payment in this matter should be the plan's regular out-of-network benefits." However, this is not the measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence. The IP offers no support for its suggestion that the plan's "regular out-of-network benefits" should be considered by the IDRE on any basis.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Determination 3**

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$5,337.00** offered by ELITE NEUROPHYSIOLOGY LLC is the appropriate out-of-network rate for the item or service 95861 on this claim EV85752187 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

ELITE NEUROPHYSIOLOGY LLC submitted an offer of  $5,337.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IDRE considered the evidence submitted regarding the negotiations (or lack thereof) that occurred during Open Negotiations because this is additional information by the parties and is not prohibited. It was, however, given limited weight because Congress did not list this among the primary factors to be considered by the IDRE and whether it "relates to the offer" is unclear. The IP submits that the "absolute floor of payment in this matter should be the plan's regular out-of-network benefits." However, this is not the measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence. The IP offers no support for its suggestion that the plan's "regular out-of-network benefits" should be considered by the IDRE on any basis.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that UNITED HEALTHCARE had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-2972677 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to ELITE NEUROPHYSIOLOGY LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2972677 was ELITE NEUROPHYSIOLOGY LLC. The initiating party's TIN is 464473087. The non-initiating party was UNITED HEALTHCARE. The 90-calendar day cooling off period begins on July 1, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit I

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1176301

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1176301** and has determined that Elite Neurophysiology LLC is the prevailing party in this dispute. Elite Neurophysiology LLC prevailed in 4 out of 4 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$15,895.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95940 on this claim EG64930550 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $15,895.00

United Healthcare submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Elite Neurophysiology LLC's offer best represents the value of the services that are the subject of this unique payment determination.

· Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the service(s) provided were batched incorrectly for one of the following reasons:

• All items and/ or services were not provided by the same initiating party;

• All items and/ or services were not provided by the same non-initiating;

• All items and/ or services were not provided during the same 30-day calendar period.

• All items and/ or services were not submitted under one of the three batching methods.

• All items and/ or services were submitted with identical claim numbers;

• All items and/ or services were submitted with identical service codes; or

• All items and/ or services were submitted within the same Category I CPT code section.

The Non-Initiating Party did submit a list of the items or services that were improperly batched or bundled, and for each item or service on the list, indicate the batching or bundling requirement that was not met. After reviewing the supporting documentation for the objection, FHAS has determined that the claim(s) are batched correctly, and the objection was overruled.

**Determination 2**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$7,798.75** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95938 on this claim EG64930550 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $7,798.75

United Healthcare submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Elite Neurophysiology LLC's offer best represents the value of the services that are the subject of this unique payment determination.

· Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the service(s) provided were batched incorrectly for one of the following reasons:

• All items and/ or services were not provided by the same initiating party;

• All items and/ or services were not provided by the same non-initiating;

• All items and/ or services were not provided during the same 30-day calendar period.

• All items and/ or services were not submitted under one of the three batching methods.

- All items and/ or services were submitted with identical claim numbers;

- All items and/ or services were submitted with identical service codes; or

- All items and/ or services were submitted within the same Category I CPT code section.

The Non-Initiating Party did submit a list of the items or services that were improperly batched or bundled, and for each item or service on the list, indicate the batching or bundling requirement that was not met. After reviewing the supporting documentation for the objection, FHAS has determined that the claim(s) are batched correctly, and the objection was overruled.

**Determination 3**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$13,260.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95939 on this claim EG64930550 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $13,260.00

United Healthcare submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter | | |

| | | into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| --- | --- | --- | --- | --- |
| | 6 | Additional information submitted by a party | | |

## Determination Rationale

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Elite Neurophysiology LLC's offer best represents the value of the services that are the subject of this unique payment determination.

· Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the service(s) provided were batched incorrectly for one of the following reasons:

• All items and/ or services were not provided by the same initiating party;

• All items and/ or services were not provided by the same non-initiating;

• All items and/ or services were not provided during the same 30-day calendar period.

• All items and/ or services were not submitted under one of the three batching methods.

• All items and/ or services were submitted with identical claim numbers;

• All items and/ or services were submitted with identical service codes; or

• All items and/ or services were submitted within the same Category I CPT code section.

The Non-Initiating Party did submit a list of the items or services that were improperly batched or bundled, and for each item or service on the list, indicate the batching or bundling requirement that was not met. After reviewing the supporting documentation for the objection, FHAS has determined that the claim(s) are batched correctly, and the objection was overruled.

## Determination 4

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$4,536.45** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95861 on this claim EG64930550 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $4,536.45

United Healthcare submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Elite Neurophysiology LLC's offer best represents the value of the services that are the subject of this unique payment determination.

· Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the service(s) provided were batched incorrectly for one of the following reasons:

• All items and/ or services were not provided by the same initiating party;

- All items and/ or services were not provided by the same non-initiating;

- All items and/ or services were not provided during the same 30-day calendar period.

- All items and/ or services were not submitted under one of the three batching methods.

- All items and/ or services were submitted with identical claim numbers;

- All items and/ or services were submitted with identical service codes; or

- All items and/ or services were submitted within the same Category I CPT code section.

The Non-Initiating Party did submit a list of the items or services that were improperly batched or bundled, and for each item or service on the list, indicate the batching or bundling requirement that was not met. After reviewing the supporting documentation for the objection, FHAS has determined that the claim(s) are batched correctly, and the objection was overruled.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that United Healthcare had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-1176301 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Elite Neurophysiology LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1176301 was Elite Neurophysiology LLC. The initiating party's TIN is 464473087. The non-initiating party was United Healthcare. The 90-calendar day cooling off period begins on May 21, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit J

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2604084

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2604084** and has determined that Elite Neurophysiology LLC is the prevailing party in this dispute. Elite Neurophysiology LLC prevailed in 4 out of 4 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$11,440.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95940 on this claim EM31725438 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $11,440.00

United Healthcare-Oxford submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 2**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$10,559.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95938 on this claim EM31725438 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $10,559.00

United Healthcare-Oxford submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 3**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$5,300.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95861 on this claim EM31725438 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $5,300.00

United Healthcare-Oxford submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 4**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$9,175.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95939 on this claim EM31725438 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $9,175.00

United Healthcare-Oxford submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that United Healthcare-Oxford had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-2604084 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Elite Neurophysiology LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2604084 was Elite Neurophysiology LLC. The initiating party's NPI is 1285056739 and TIN is 464473087. The non-initiating party was United Healthcare-Oxford. The 90-calendar day cooling off period begins on May 19, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit K

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1571156

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1571156** and has determined that Elite Neurophysiology LLC is the prevailing party in this dispute. Elite Neurophysiology LLC prevailed in 3 out of 3 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$9,175.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95938 on this claim EH17088770 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $9,175.00

United Healthcare submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $9,175.00 for somatosensory evoked potential study (95938), $3,800.00 for needle electromyography (EMG) in four or fewer muscles (95885), and $925.00 for nerve conduction studies (95908), best represents the value of the qualified IDR services at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offers to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished the qualified IDR item or service.

2. The market share held by the provider or facility or that of the plan in the geographic region in which the qualified IDR item or service was provided.

3. The acuity of the participant, or beneficiary, receiving the qualified IDR item or service, or the complexity of furnishing the qualified IDR item or service to the participant or beneficiary.

4. The teaching status, case mix, and scope of services of the facility that furnished the qualified IDR item or service, if applicable.

5. Demonstration of good faith efforts (or lack thereof) made by the provider or facility or the plan to enter into network agreements with each other, and, if applicable, contracted rates between the provider or facility, as applicable, and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offers.

C2C has considered the QPAs and all of the evidence submitted by both parties.

The initiating party, Elite Neurophysiology LLC, provided an offer of $9,175.00 for code 95938, $3,800.00 for code 95885, and $925.00 for code 95908, and provided the following information:

1. A statement that the provider has more than 20 years of experience.

2. A statement that the provider's affiliated group is a small medical practice with few employees. In contrast, the health plan is the largest and most profitable insurance company in the country.

3. The provider's curriculum vitae.

4. Clinical documentation for the patient's encounter.

The non-initiating party, United Healthcare, provided an offer of $0.00 for codes 95938, 95885, and 95908, and provided the following information:

1. An offer and the geographic and coverage are related to the QPA, proof of payment, and a provider claim summary. The documentation submitted does not include additional information related to the offer.

The IDRE notes that the QPA provided by the initiating party at the time of IDR initiation was $0.00. C2C reached out to the health plan on March 1, 2025, to verify the QPA. The health plan sent a response on April 14,2025. Therefore, the $0.00 QPA will be utilized for this dispute.

In reviewing the QPAs, which were $0.00 for codes 95938, 95885, and 95908, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the five circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the five circumstances. In this instance, the non-initiating party did not provide information related to at least one of the five circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, with the review of the five circumstances that included information specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $9,175.00 for code 95938, $3,800.00 for code 95885, and $925.00 for code 95908, best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Determination 2**

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$3,800.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95885 on this claim EH17088770 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $3,800.00

United Healthcare submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was | X | |

| | | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| | provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

Please see DLI-4247353, service code 95938, for the complete determination.

**Determination 3**

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$925.00** offered by Elite Neurophysiology LLC is the appropriate out-of-network rate for the item or service 95908 on this claim EH17088770 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Elite Neurophysiology LLC submitted an offer of  $925.00

United Healthcare submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |

| | | | |
|---|---|---|---|
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

Please see DLI-4247353, service code 95938, for the complete determination.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that United Healthcare had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-1571156 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Elite Neurophysiology LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1571156 was Elite Neurophysiology LLC. The initiating party's TIN is 464473087. The non-initiating party was United Healthcare. The 90-calendar day cooling off period begins on June 10, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit L



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-1571156

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

464473087

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

06/03/2024

**Proof of Open Negotiation Documentation:**

POD - DISP LTR.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

Elite Neurophysiology LLC

**Hospital, Facility or Group Name:**

Cooperman Barnabas Medical Center

**Mailing Address:**

371 HOES LANE, SUITE 200

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Piscataway | NJ | 08854 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | (201) 465-3033 |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

**Email:**    **Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

**Email:**    **Phone:**

---

**Name:**

United Healthcare

**Mailing Address:**

4 Research Drive

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Shelton | CT | 06484 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| uhg_idr_disputes@uhc.com | (877) 842-3210 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

**Email:**    **Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

**Email:**    **Phone:**

**Line Item**

**Continuous intraoperative neurophysiology monitoring in the operating room, one on one monitoring requiring personal attendance, each 15 minutes (List separately in addition to code for primary procedure)**

**Claim Number:**

EH17088770

**Date of the qualified IDR item or service:**

11/08/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB EN.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95940

**Place of Service Code:**

21

**Location of Service:**

NJ

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

EH17088770

**Date of the qualified IDR item or service:**

11/08/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB EN.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

## Needle electromyography, each extremity, with related paraspinal areas, when performed, done with nerve conduction, amplitude and latency/velocity study; limited (List separately in addition to code for primary procedure)

**Claim Number:**

EH17088770

**Date of the qualified IDR item or service:**

11/08/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB EN.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95885

**Place of Service Code:**

21

**Location of Service:**

NJ

## Nerve conduction studies; 3-4 studies

**Claim Number:**

EH17088770

**Date of the qualified IDR item or service:**

11/08/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB EN.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95908

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**

ProPeer Resources, LLC

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

**Signature:**

James Greenspan, ESQ

**Date:**

07/22/2024



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-1348395

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

464473087

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

04/02/2024

**Proof of Open Negotiation Documentation:**

POD 4-2-24.pdf

nsa dispute ltr.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**                                              **Hospital, Facility or Group Name:**

Elite Neurophysiology LLC                              The Valley Hospital

**Mailing Address:**

371 HOES LANE, SUITE 200

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Piscataway | NJ | 08854 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | (201) 465-3033 |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

---

**Name:**

UMR

**Mailing Address:**

PO BOX 30541

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| SALT LAKE CITY | UT | 84130 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| idr@clearhealthcloud.com | (877) 233-1800 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

**Line Item**

### Continuous intraoperative neurophysiology monitoring in the operating room, one on one monitoring requiring personal attendance, each 15 minutes (List separately in addition to code for primary procedure)

**Claim Number:**

24036167731

**Date of the qualified IDR item or service:**

08/10/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

████████████ 8-10-23 EOB DENIAL EN.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95940

**Place of Service Code:**

21

**Location of Service:**

NJ

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

24036167731

**Date of the qualified IDR item or service:**

08/10/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

████████████ 8-10-23 EOB DENIAL EN.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

### Needle electromyography, each extremity, with related paraspinal areas, when performed, done with nerve conduction, amplitude and latency/velocity study; limited (List separately in addition to code for primary procedure)

**Claim Number:**

24036167731

**Date of the qualified IDR item or service:**

08/10/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

████████████ 8-10-23 EOB DENIAL EN.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95885

**Place of Service Code:**

21

**Location of Service:**

NJ

### Nerve conduction studies; 7-8 studies

**Claim Number:**

24036167731

**Date of the qualified IDR item or service:**

08/10/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

████████████ 8-10-23 EOB DENIAL EN.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95910

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**

ProPeer Resources, LLC

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| **Signature:** | **Date:** |
|---|---|
| James Greenspan, Esq. | 05/17/2024 |



# Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

## Dispute Reference Number: DISP-2286676

## Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

| **Tax ID:** | **National Provider Identifier (NPI):** |
| --- | --- |
| 464473087 | N/A |

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

11/03/2024

**Proof of Open Negotiation Documentation:**

POD 11-03-24.pdf

NSA DISPUTE LTR.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

Elite Neurophysiology LLC

**Hospital, Facility or Group Name:**

FREEDOM SURGICAL CENTER, LLC

**Mailing Address:**

371 HOES LANE SUITE 200

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Piscataway | NJ | 08854 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

UNITED HEALTHCARE

**Mailing Address:**

PO BOX 30555

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| SALT LAKE CITY | UT | 84130 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| uhg_idr_disputes@uhc.com | (877) 842-3210 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

## Line Item

### Continuous intraoperative neurophysiology monitoring in the operating room, one on one monitoring requiring personal attendance, each 15 minutes (List separately in addition to code for primary procedure)

**Claim Number:**

ET32410962

**Date of the qualified IDR item or service:**

07/19/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB Elite.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95940

**Place of Service Code:**

24

**Location of Service:**

NJ

## Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**
ET32410962

**Date of the qualified IDR item or service:**
07/19/2024

**Qualifying Payment Amount (QPA):**
$0.00

**Qualifying Payment Amount documentation:**
EOB Elite.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95938

**Place of Service Code:**
24

**Location of Service:**
NJ

## Needle electromyography; 2 extremities with or without related paraspinal areas

**Claim Number:**
ET32410962

**Date of the qualified IDR item or service:**
07/19/2024

**Qualifying Payment Amount (QPA):**
$0.00

**Qualifying Payment Amount documentation:**
EOB Elite.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95861

**Place of Service Code:**
24

**Location of Service:**
NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| Signature: | Date: |
|---|---|
| James Greenspan, ESQ | 12/20/2024 |



# Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

## Dispute Reference Number: DISP-2026942

## Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

| | |
|---|---|
| **Tax ID:** | **National Provider Identifier (NPI):** |
| 464473087 | N/A |

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

09/17/2024

**Proof of Open Negotiation Documentation:**

NSA DISPUTE LTR.pdf

POD 9-17-2024.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

Elite Neurophysiology LLC

**Hospital, Facility or Group Name:**

MONMOUTH MEDICAL CENTER

**Mailing Address:**

371 HOES LANE, SUITE 200

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| PISCATAWAY | NJ | 08854 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

---

**Name:**

UNITED HEALTHCARE

**Mailing Address:**

PO BOX 740800

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| ATLANTA | GA | 30374 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| uhg_idr_disputes@uhc.com | (877) 842-3210 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

**Line Item**

### Continuous intraoperative neurophysiology monitoring in the operating room, one on one monitoring requiring personal attendance, each 15 minutes (List separately in addition to code for primary procedure)

**Claim Number:**

EP51458625

**Date of the qualified IDR item or service:**

05/07/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Hospital-based service(s)

**Service Code:**

95940

**Place of Service Code:**

21

**Location of Service:**

NJ

## Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

EP51458625

**Date of the qualified IDR item or service:**

05/07/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Hospital-based service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

### Needle electromyography, each extremity, with related paraspinal areas, when performed, done with nerve conduction, amplitude and latency/velocity study; limited (List separately in addition to code for primary procedure)

**Claim Number:**

EP51458625

**Date of the qualified IDR item or service:**

05/07/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Hospital-based service(s)

**Service Code:**

95885

**Place of Service Code:**

21

**Location of Service:**

NJ

### Nerve Conduction Studies, 1-2 Studies

**Claim Number:**

EP51458625

**Date of the qualified IDR item or service:**

05/07/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Hospital-based service(s)

**Service Code:**

95907

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

---

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| **Signature:** | **Date:** |
| --- | --- |
| James Greenspan, ESQ | 11/04/2024 |



# Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

## Dispute Reference Number: DISP-3267804

## Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

464473087

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

04/04/2025

**Proof of Open Negotiation Documentation:**

NSA DISPUTE LTR.pdf

POD 4-4-2025.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

Elite Neurophysiology LLC

**Hospital, Facility or Group Name:**

The Valley Hospital

**Mailing Address:**

371 HOES LANE, SUITE 200

| **City:** | **State:** | **Zip Code:** |
| --- | --- | --- |
| Piscataway | NJ | 08854 |

**Email:**

arbs@gottliebandgreenspan.com

**Phone:**

(201) 819-4056

**Fax:**

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
| --- | --- | --- |

**Email:**

**Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
| --- | --- | --- |

**Email:**

**Phone:**

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

UNITED HEALTHCARE

**Mailing Address:**

PO BOX 740800

| **City:** | **State:** | **Zip Code:** |
| --- | --- | --- |
| ATLANTA | GA | 30374 |

**Email:**

uhg_idr_disputes@uhc.com

**Phone:**

(877) 842-3210

**Fax:**

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
| --- | --- | --- |

**Email:**

**Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
| --- | --- | --- |

**Email:**

**Phone:**

## Line Item

### Remote Monitoring (EMG & IONM)

**Claim Number:**

EX00828937

**Date of the qualified IDR item or service:**

01/06/2025

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95940

**Place of Service Code:**

21

**Location of Service:**

NJ

### SSEP; Somatosensory Evoked Potentials; Upper & Lower Limbs

**Claim Number:**

EX00828937

**Date of the qualified IDR item or service:**

01/06/2025

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

## Needle EMG, Each Extremity with Paraspinal Muscles, Limited

**Claim Number:**

EX00828937

**Date of the qualified IDR item or service:**

01/06/2025

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95885

**Place of Service Code:**

21

**Location of Service:**

NJ

## Nerve Conduction Studies, 3- 4 Studies

**Claim Number:**

EX00828937

**Date of the qualified IDR item or service:**

01/06/2025

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95908

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

**Signature:**                                          **Date:**

James Greenspan, ESQ                          05/21/2025



# Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

## Dispute Reference Number: DISP-2234567

## Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

| **Tax ID:** | **National Provider Identifier (NPI):** |
| --- | --- |
| 464473087 | N/A |

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

10/19/2024

**Proof of Open Negotiation Documentation:**

POD 10-19-2024.pdf

NSA DISPUTE LTR.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

ELITE NEUROPHYSIOLOGY LLC

**Hospital, Facility or Group Name:**

THE VALLEY HOSPITAL

**Mailing Address:**

371 HOES LANE, SUITE 200

| City: | State: | Zip Code: |
|---|---|---|
| PISCATAWAY | NJ | 08854 |

| Email: | Phone: | Fax: |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

---

**Name:**

UNITED HEALTHCARE

**Mailing Address:**

PO BOX 1600

| City: | State: | Zip Code: |
|---|---|---|
| KINGSTON | NY | 12402 |

| Email: | Phone: | Fax: |
|---|---|---|
| uhg_idr_disputes@uhc.com | (877) 769-7447 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

**Line Item**

### Continuous intraoperative neurophysiology monitoring in the operating room, one on one monitoring requiring personal attendance, each 15 minutes (List separately in addition to code for primary procedure)

**Claim Number:**

EQ75188457

**Date of the qualified IDR item or service:**

08/02/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Hospital-based service(s)

**Service Code:**

95940

**Place of Service Code:**

21

**Location of Service:**

NJ

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

EQ75188457

**Date of the qualified IDR item or service:**

08/02/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Hospital-based service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

### Central motor evoked potential study (transcranial motor stimulation); in upper and lower limbs

**Claim Number:**

EQ75188457

**Date of the qualified IDR item or service:**

08/02/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95939

**Place of Service Code:**

21

**Location of Service:**

NJ

## Needle electromyography; 2 extremities with or without related paraspinal areas

**Claim Number:**
EQ75188457

**Date of the qualified IDR item or service:**
08/02/2024

**Qualifying Payment Amount (QPA):**
$0.00

**Qualifying Payment Amount documentation:**
DISPUTE EOB.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95861

**Place of Service Code:**
21

**Location of Service:**
NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**
EdiPhy Advisors, L.L.C.

**Third Party Attestation:**
Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

**Signature:**
James Greenspan, Esq.

**Date:**
12/09/2024



# Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

## Dispute Reference Number: DISP-2781794

## Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

| **Tax ID:** | **National Provider Identifier (NPI):** |
| --- | --- |
| 464473087 | N/A |

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

01/28/2025

**Proof of Open Negotiation Documentation:**

Dispute Letter.pdf

POD 01-28-2025.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

| | |
|---|---|
| **Name:** | **Hospital, Facility or Group Name:** |
| Elite Neurophysiology LLC | The Valley Hospital |

**Mailing Address:**
371 HOES LANE, SUITE 200

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Piscataway | NJ | 08854 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**
United Healthcare

**Mailing Address:**
PO BOX 30783

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Salt Lake City | UT | 84130 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| uhg_idr_disputes@uhc.com | (877) 842-3210 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

**Line Item**

### On Site Monitoring, Interpretation

**Claim Number:**
25008199968

**Date of the qualified IDR item or service:**
11/21/2024

**Qualifying Payment Amount (QPA):**
$374.88

**Qualifying Payment Amount documentation:**
██████████████ 11-21-2024 EOB EN.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95940

**Place of Service Code:**
21

**Location of Service:**
NJ

### SSEP; Somatosensory Evoked Potentials; Upper & Lower Limbs

**Claim Number:**
25008199968

**Date of the qualified IDR item or service:**
11/21/2024

**Qualifying Payment Amount (QPA):**
$330.73

**Qualifying Payment Amount documentation:**
████████████-21-2024 EOB EN.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95938

**Place of Service Code:**
21

**Location of Service:**
NJ

## Motor Evoked Potentials Study; Lower Limb

**Claim Number:**
25008199968

**Date of the qualified IDR item or service:**
11/21/2024

**Qualifying Payment Amount (QPA):**
$158.97

**Qualifying Payment Amount documentation:**
▋ 11-21-2024 EOB EN.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95929

**Place of Service Code:**
21

**Location of Service:**
NJ

## Needle EMG, Each Extremity with Paraspinal Muscles - Limited

**Claim Number:**
25008199968

**Date of the qualified IDR item or service:**
11/21/2024

**Qualifying Payment Amount (QPA):**
$93.00

**Qualifying Payment Amount documentation:**
▋-21-2024 EOB EN.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95885

**Place of Service Code:**
21

**Location of Service:**
NJ

## Nerve conduction studies; 3-4 studies

**Claim Number:**

25008199968

**Date of the qualified IDR item or service:**

11/21/2024

**Qualifying Payment Amount (QPA):**

$62.05

**Qualifying Payment Amount documentation:**

████████████ 11-21-2024 EOB EN.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95908

**Place of Service Code:**

21

**Location of Service:**

NJ

---

**Additional Supporting Documentation:**

---

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| Signature: | Date: |
| --- | --- |
| James Greenspan, Esq. | 03/17/2025 |



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-2972677

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

464473087

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

02/25/2025

**Proof of Open Negotiation Documentation:**

Request to Negotiate M_M_.msg

NSA Dispute Ltr.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

ELITE NEUROPHYSIOLOGY LLC

**Hospital, Facility or Group Name:**

Valley Hospital

**Mailing Address:**

371 HOES LANE, SUITE 200

| City: | State: | Zip Code: |
|---|---|---|
| PISCATAWAY | NJ | 08854 |

| Email: | Phone: | Fax: |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

UNITED HEALTHCARE

**Mailing Address:**

4 RESEARCH DRIVE

| City: | State: | Zip Code: |
|---|---|---|
| SHELTON | CT | 06484 |

| Email: | Phone: | Fax: |
|---|---|---|
| uhg_idr_disputes@uhc.com | (800) 666-1353 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

**Line Item**

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

EV85752187

**Date of the qualified IDR item or service:**

12/16/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

Dispute EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

## Central motor evoked potential study (transcranial motor stimulation); in upper and lower limbs.

**Claim Number:**

EV85752187

**Date of the qualified IDR item or service:**

12/16/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

Dispute EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95939

**Place of Service Code:**

21

**Location of Service:**

NJ

## Needle electromyography; 2 extremities with or without related paraspinal areas

**Claim Number:**

EV85752187

**Date of the qualified IDR item or service:**

12/16/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

Dispute EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95861

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**
EdiPhy Advisors, L.L.C.

**Third Party Attestation:**
Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

**Signature:**                    **Date:**
James Greenspan, Esq.            04/10/2025



# Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

## Dispute Reference Number: DISP-1176301

## Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

464473087

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

02/02/2024

**Proof of Open Negotiation Documentation:**

Dispute & POD.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

Elite Neurophysiology LLC

**Mailing Address:**

371 HOES LANE SUITE 200

**City:**

Piscataway

**State:**

NJ

**Zip Code:**

08854

**Email:**

arbs@gottliebandgreenspan.com

**Phone:**

(201) 819-4056

**Fax:**

**Hospital, Facility or Group Name:**

The Valley Hospital

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**

**State:**

**Zip Code:**

**Email:**

**Phone:**

**Secondary point-of-contact**

**Name:**

**Mailing Address:**

**City:**                **State:**                **Zip Code:**

**Email:**                **Phone:**

---

**Name:**

United Healthcare

**Mailing Address:**

PO BOX 740800

**City:**                **State:**                **Zip Code:**

ATLANTA                GA                30374

**Email:**                **Phone:**                **Fax:**

uhg_idr_disputes@uhc.com                (877) 842-3210

**Primary Point-of-contact**

**Name:**

**Mailing Address:**

**City:**                **State:**                **Zip Code:**

**Email:**                **Phone:**

**Secondary point-of-contact**

**Name:**

**Mailing Address:**

**City:**                **State:**                **Zip Code:**

**Email:**                **Phone:**

## Line Item

### Continuous intraoperative neurophysiology monitoring in the operating room, one on one monitoring requiring personal attendance, each 15 minutes (List separately in addition to code for primary procedure)

**Claim Number:**

EG64930550

**Date of the qualified IDR item or service:**

06/09/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95940

**Place of Service Code:**

21

**Location of Service:**

NJ

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

EG64930550

**Date of the qualified IDR item or service:**

06/09/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

### Central motor evoked potential study (transcranial motor stimulation); in upper and lower limbs

**Claim Number:**

EG64930550

**Date of the qualified IDR item or service:**

06/09/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95939

**Place of Service Code:**

21

**Location of Service:**

NJ

## Needle electromyography; 2 extremities with or without related paraspinal areas

**Claim Number:**

EG64930550

**Date of the qualified IDR item or service:**

06/09/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95861

**Place of Service Code:**

21

**Location of Service:**

NJ

---

**Certified IDR entity legal business name:**

ProPeer Resources, LLC

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| **Signature:** | **Date:** |
| --- | --- |
| James Greenspan, ESQ | 03/21/2024 |



# Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

## Dispute Reference Number: DISP-2604084

## Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

| **Tax ID:** | **National Provider Identifier (NPI):** |
|---|---|
| 464473087 | N/A |

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

01/03/2025

**Proof of Open Negotiation Documentation:**

POD 1-3-25.pdf

NSA DISPUTE LTR.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**                                          **Hospital, Facility or Group Name:**

Elite Neurophysiology LLC                          The Valley Hospital

**Mailing Address:**

371 Hoes Lane Suite 200

**City:**                    **State:**                    **Zip Code:**

Piscataway                   NJ                           08854

**Email:**                   **Phone:**                   **Fax:**

arbs@gottliebandgreenspan.com    (201) 819-4056

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**                    **State:**                    **Zip Code:**

**Email:**                   **Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

**City:**                    **State:**                    **Zip Code:**

**Email:**                   **Phone:**

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

United Healthcare-Oxford

**Mailing Address:**

4 Research Drive

**City:**                    **State:**                    **Zip Code:**

Shelton                      CT                           06484

**Email:**                   **Phone:**                   **Fax:**

uhg_idr_disputes@uhc.com     (800) 666-1353

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**                    **State:**                    **Zip Code:**

**Email:**                   **Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

**City:**                    **State:**                    **Zip Code:**

**Email:**                   **Phone:**

**Line Item**

**Continuous intraoperative neurophysiology monitoring in the operating room, one on one monitoring requiring personal attendance, each 15 minutes (List separately in addition to code for primary procedure)**

**Claim Number:**

EM31725438

**Date of the qualified IDR item or service:**

05/02/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB Elite.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95940

**Place of Service Code:**

21

**Location of Service:**

NJ

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

EM31725438

**Date of the qualified IDR item or service:**

05/02/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB Elite.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

### Needle electromyography; 2 extremities with or without related paraspinal areas

**Claim Number:**

EM31725438

**Date of the qualified IDR item or service:**

05/02/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB Elite.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95861

**Place of Service Code:**

21

**Location of Service:**

NJ

## Central motor evoked potential study (transcranial motor stimulation); in upper and lower limbs

**Claim Number:**

EM31725438

**Date of the qualified IDR item or service:**

05/02/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

EOB Elite.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95939

**Place of Service Code:**

21

**Location of Service:**

NJ

---

**Additional Supporting Documentation:**

---

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

**Signature:**                          **Date:**

James Greenspan, Esq.                    02/19/2025

# Civil Case Information Statement

### Case Details: MIDDLESEX | Civil Part Docket# L-002022-26

**Case Caption:** ELITE NEUROPHYSIOLOG Y, LLC  VS UNITED HEALTHCARE

**Case Initiation Date:** 03/27/2026

**Attorney Name:** LANE WILLIAM LEGBAND

**Firm Name:** GOTTLIEB AND GREENSPAN LLC

**Address:** 17-17 ROUTE 208 SUITE 250

FAIR LAWN NJ 07410

**Phone:** 2016440894

**Name of Party:** PLAINTIFF : ELITE NEUROPHYSIOLOGY, LLC

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: ELITE NEUROPHYSIOLOGY, LLC?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/27/2026
Dated

/s/ LANE WILLIAM LEGBAND
Signed

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633

                                      TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   MARCH 27, 2026
                        RE:     ELITE NEUROPHYSIOLOG Y, LLC  VS UNITED HEALTHCARE
                        DOCKET: MID L -002022 26


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON GLENN C. SLAVIN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (732) 645-4300 EXT 88371.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                 ATT: LANE W. LEGBAND
                                 GOTTLIEB AND GREENSPAN LLC
                                 17-17 ROUTE 208
                                 SUITE 250
                                 FAIR LAWN         NJ 07410


ECOURTS

**Plaintiff**
ELITE NEUROPHYSIOLOGY, LLC

vs

**Defendant**
UNITED HEALTHCARE INSURANCE COMPANY

Person to be served: UNITED HEALTHCARE INSURANCE
  COMPANY
C/O CT CORPORATION SYSTEM, REGISTERED AGENT
Address:
820 BEAR TAVERN ROAD
WEST TRENTON NJ 08628

Attorney:
  GOTTLIEB & GREENSPAN
  17-17 ROUTE 208 SUITE 250
  FAIR LAWN NJ 07410
Papers Served:
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT WITH EXHIBITS

SUPERIOR COURT OF NEW
JERSEY
LAW DIVISION:
MIDDLESEX COUNTY

DOCKET NO. MID-L-002022-26

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

Cost of Service pursuant to R4:4-30

$ _____

**Service Data:**

Served Successfully __✓__  Not Served _____  Date: __4-1-26__  Time: __9:27 a.m.__  Attempts: _____

_____ Delivered a copy to him/her personally

_____ Left a copy with a competent household
member over 14 years of age residing therein at place of abode.

__✓__ Left a copy with a person authorized to accept
service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

Dionne Evans

~~PERSON IN CHARGE AT THE
OFFICE OF THE REGISTERED
AGENT OF THE CORPORATION~~

Description of Person Accepting Service:
Age: 53  Height: 5'6  Weight: 160  Hair: Black  Sex: female  Race: Black

**Non-Served:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____  Date _____  Time _____
  _____  Date _____  Time _____
  _____  Date _____  Time _____
( ) Other: _____  Comments or Remarks _____

Subscribed and Sworn to me this
3 _____ day of April 2026 _____

I, AZIZA AMER _____, was at
time of service a competent adult not having a direct
interest in the litigation. I declare under penalty
of perjury that the foregoing is true and correct.

_Patricia Knapp_ 🛡️
_____
Notary Signature
PATRICIA E KNAPP
Notary Public, State of New Jersey
Comm. # 2447530
My Commission Expires 06/25/2029

Online Notary Public. This notarial act involved the use
of online audio/video communication technology.
Notarization facilitated by SIGNiX®

_Aziza Amer_ 🛡️ 04/03/2026 11:32 AM EDT
_____
Signature of Process Server  Date

DGR LEGAL, INC.
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700  Fax (973) 403-9222

Work Order No.  836017

File No.  MID-L-002022-26

**Lane Legband, Esq.**
**Attorney ID No.: 365952023**
**GOTTLIEB & GREENSPAN, LLC**
**17-17 Route 208, Suite 250**
**Fair Lawn, New Jersey 07410**
**Phone Number: 201-620-2022**
**Fax Number: 201-620-2022**
*Attorneys for Plaintiff*

| | |
|---|---|
| ELITE NEUROPHYSIOLOGY, LLC, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: MIDDLESEX COUNTY |
| Plaintiff(s) | |
| vs. | DOCKET NO. MID-L-002022-26 |
| UNITED HEALTHCARE INSURANCE COMPANY, | **Civil Action** |
| | **SUMMONS** |
| Defendant(s) | |

From The State of New Jersey, To The Defendant(s) Named Above:

**UNITED HEALTHCARE INSURANCE COMPANY**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons stated the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof or service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us. If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with the fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available http://www.judiciary.state.nj.us.

*/S/ Michelle M. Smith*
Michelle M. Smith, Clerk
Superior Court of New Jersey

Dated: March 30, 2026

Name of Defendant to be Served: United Healthcare Insurance Company, c/o CT Corporation System
820 Bear Tavern Road West Trenton, NJ 08628

**\* $105.00 For Chancery Division Cases or $135.00 for Law Division Cases**